721 F.2d 121
 114 L.R.R.M. (BNA) 3320, 99 Lab.Cas. P 10,578
 SUPER TIRE ENGINEERING COMPANY, a corporation of the State
of New Jersey
v.
TEAMSTERS LOCAL UNION NO. 676, Affiliated with the
International Brotherhood of Teamsters, Appellant.
 No. 82-5592.
 United States Court of Appeals,
Third Circuit.
 Argued Sept. 12, 1983.
Decided Nov. 14, 1983.
Rehearing and Rehearing In Banc Denied Dec. 12, 1983.
 
 Barry M. Bennett (argued), Tomar, Parks, Seliger, Simonoff & Adourian, Haddonfield, N.J., for appellant.
 Vincent J. Apruzzese (argued), Harold Finkle, Apruzzese & McDermott, Springfield, N.J., for appellee.
 Before WEIS, HIGGINBOTHAM and SLOVITER, Circuit Judges.
 OPINION OF THE COURT
 SLOVITER, Circuit Judge.
 
 
 1
 The district court vacated an arbitral award reinstating a discharged employee. The employee's union appeals on his behalf. We will reverse the judgment of the district court.
 
 I.
 
 2
 Super Tire Engineering Company ("Super Tire"), a manufacturer, seller, and distributor of tires, fired Mitchell Gray, a spot repairer at the company's Pennsauken, New Jersey plant, for drinking alcoholic beverages during working hours. Teamsters Local 676 ("the Union"), which represents Gray under the collective bargaining agreement, grieved his discharge, and the parties submitted the unresolved dispute to arbitration before the New Jersey State Board of Mediation.
 
 
 3
 The agreement in Article 15 provides that no employee may be discharged "without just cause." In the same section, it also provides that no employee may be dismissed until the case has been discussed with the Business Agent of the Union and until there has been at least one written warning except where there is provision for "immediate dismissal." There are seven specified causes for "immediate dismissal," including "proven drinking during working hours."[1]
 
 
 4
 The arbitrator found, and it is not contested on appeal, that Gray had been drinking alcoholic beverages at the nearby Dew Drop Inn during work breaks. He held that work breaks were "working hours" and that Gray's conduct constituted "drinking". Therefore, the conduct fell within the grounds for "immediate dismissal". He held the power to dismiss could not, however, be exercised free of review for just cause. The arbitrator held that the portion of Article 15 permitting immediate dismissal must be read in pari materia with the just cause language and reasoned that "the Company's right [to discharge an employee] is tempered, at least to the degree that such action need be exercised in a fair and even manner, rather than in an arbitrary or capricious fashion."
 
 
 5
 The arbitrator decided that absent a specific warning, the penalty of summary discharge of Gray was too severe. Super Tire had to notify its employees that it intended to enforce strictly the listed conditions of immediate discharge. "[T]here must ... be a clearly understood and uniform application of the rule against drinking prior to its strict implementation."[2]
 
 
 6
 The arbitrator found no evidence of a prior immediate dismissal of an employee for drinking, no general warning of company policy, and no such warning to Gray. Although Super Tire had previously suspended Gray for one day after accusing him of drinking during working hours on the premises[3] and had warned him in general terms to "remember that there is to be no drinking of alcoholic beverages on company premises nor during working hours," Super Tire did not warn him of an automatic sanction of discharge.
 
 
 7
 In determining the "appropriate punishment" for Gray's violation of the contract by drinking during working hours, the arbitrator took into account Gray's 13 years of service, the lack of clear warning, and the prior infraction. The arbitrator found there was just cause for four months' suspension without pay, but not for dismissal, and ordered Gray reinstated with back pay from four months after dismissal at full salary and benefits, less interim earnings and compensation.
 
 
 8
 Super Tire filed suit in district court seeking to vacate the award.[4] Subject matter jurisdiction was grounded on section 301 of the Labor-Management Relations Act, 29 U.S.C. Sec. 185. On cross motions for summary judgment, the district court vacated the arbitrator's award. The court recognized the extremely limited nature of review of arbitral awards, held that under this court's recent decision in ARCO-Polymers, Inc. v. Local 8-74, 671 F.2d 752 (3d Cir.1982), cert. denied, --- U.S. ----, 103 S.Ct. 63, 74 L.Ed.2d 65 (1983), the arbitrator was justified in considering whether there was just cause for the discharge, but held that the arbitrator had acted impermissibly in disregard of the contract by requiring a warning to Gray before he could be discharged. Super Tire Engineering Co. v. Teamsters Local Union No. 676, 546 F.Supp. 547 (D.N.J.1982).
 
 II.
 A.
 
 9
 We reiterate the principles established by the Supreme Court and this court governing review of labor arbitration awards. Federal policy in favor of settling labor disputes by arbitration requires that courts refrain from reviewing the merits of arbitration awards. United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960). District courts are not to review awards for legal error as if they were appellate bodies reviewing trial courts, but are limited to determining whether an award "draws its essence from the collective bargaining agreement." See W.R. Grace & Co. v. Local Union 759, --- U.S. ----, 103 S.Ct. 2177, 2182, 76 L.Ed.2d 298 (1983) (quoting Enterprise Wheel & Car Corp., 363 U.S. at 597, 80 S.Ct. at 1361). The award draws its essence from the agreement and must be upheld "if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award." Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123, 1128 (3d Cir.1969). Accord Sun Petroleum Products Co. v. Oil, Chemical and Atomic Workers International Union, 681 F.2d 924, 926-27 (3d Cir.1982); Mobil Oil Corp. v. Independent Oil Workers Union, 679 F.2d 299, 302 (3d Cir.1982).[5]
 
 B.
 
 10
 The arbitrator reviewed the "immediate dismissal" and "just cause" clauses of the collective bargaining agreement and determined that all dismissals were subject to arbitral review for just cause. There is no language in the contract which forecloses this inference. The contract states in simple terms, "No employee may be discharged or suspended without just cause."
 
 
 11
 Although it also provides that an employee who drinks during working hours "may be dismissed or suspended for his first offense" (emphasis added), no provision of the contract precludes review of such dismissals for just cause. Further, although such drinking is characterized as cause for "immediate dismissal," the contract does not equate the enumerated causes for "immediate dismissal" with "just cause" for dismissal. In contrast, in Mistletoe Express Service v. Motor Expressmen's Union, 566 F.2d 692, 694 (10th Cir.1977), relied on by Super Tire, the dismissal provision specifically listed the offense as a just cause for which employees may be discharged.
 
 
 12
 Our recent decision in ARCO-Polymers is directly on point. The discharged employee had been absent for 19 days without good and sufficient cause. The agreement provided, "Employees absent from work without good and sufficient cause for more than four (4) consecutive days shall be subject to discharge." However, in another article, it also provided, "Employees shall be discharged only for just cause." 671 F.2d at 752-53. The arbitrator's award reinstated the employee, but the district court vacated that award on the theory that the employer had acted pursuant to an express contractual right. In holding that the district court erred, we relied on the presence of the "just cause" provision. In light of that clause, we reasoned that "[i]t cannot be said with absolute certainty ... that discharge under this section is 'strictly a function of management.' " 671 F.2d at 756 (quoting United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 584, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960)). We stated:
 
 
 13
 Thus, the arbitrator might have found that all discharges are subject to the "just cause" provision ... and that consequently the contract authorized him to apply all the surrounding facts and circumstances to his interpretation of the contract to determine whether or not discharge is proper.
 
 
 14
 ARCO-Polymers, 671 F.2d at 756. Because the contract did not foreclose this inference and did not "unequivocally reserve[ ] to the employer the right to discharge employees for the specific conduct set forth," id. at 757 n. 4, the award was not irrational and was to be enforced by the district court. Id. at 758. See Kewanee Machinery Division v. Local 21, International Brotherhood of Teamsters, 593 F.2d 314, 317-18 (8th Cir.1979); Timken Co. v. United Steelworkers, 492 F.2d 1178, 1180 (6th Cir.1974).
 
 
 15
 The award in the present case is similar to that upheld in ARCO-Polymers. Because the arbitrator held the specific dismissal provision subject to an overall just cause provision, he then was free to determine whether there was just cause for dismissal, applying his expertise and the law of the shop. As in ARCO-Polymers, "We cannot say that the arbitrator's award does not draw its essence from the contract." 671 F.2d at 756-57. In the absence of an unambiguous provision in the agreement mandating dismissal or removing an arbitrator's review function, we will not set aside an arbitrator's decision to review a dismissal in light of the mix of factors that make up just cause.
 
 C.
 
 16
 The district court recognized that under our decision in ARCO-Polymers, "[the arbitrator's] decision that the 'just cause' requirement controls even specific provisions regarding discharge is not open to question." 546 F.Supp. at 551. Nonetheless, the district court concluded that the award should be vacated because the arbitrator's determination "nullifie[d]" the provision of the contract which "expressly grants the Company the power to dispense with the warning when discharging the employee for the enumerated offenses." Id. However, once it is conceded that the arbitrator had the power to make a just cause determination, the district court is not free to review the merits of that determination.
 
 
 17
 The terms of the contract are not so clear as to foreclose the arbitrator's view of just cause as including, among other factors, the absence of an unambiguous warning of a policy of strict enforcement. The contract does not unequivocally preclude notice to employees of an intent to enforce the dismissal conditions strictly even though notice to the Union's Business Agent may be dispensed with in the enumerated situations. Under the arbitrator's interpretation, an employee "may be" dismissed for a first offense of drinking during working hours, as provided under the terms of the dismissal clause, but only after fair notice of the employer's policy. See supra note 2. The arbitrator also noted that Super Tire had, by its action against Gray, given notice to employees that the company would henceforth enforce a strict policy of dismissal for drinking during working hours which include break periods away from company premises. The warning and dismissal provision has not been nullified, but merely interpreted in light of industrial practice and principles of just cause. The district court is not free to reject that interpretation.
 
 
 18
 The Supreme Court recently reiterated the cardinal principle that "a federal court may not overrule an arbitrator's decision simply because the court believes its own interpretation of the contract would be the better one." W.R. Grace & Co., 103 S.Ct. at 2182 (1983). The parties bargained for the arbitrator's construction of the contract and should be bound by it. Id. at 2182; Enterprise Wheel, 363 U.S. at 599, 80 S.Ct. at 1362; Ludwig, 405 F.2d at 1125.[6]
 
 III.
 
 19
 The order of the district court will be reversed and the case remanded with a direction that the district court enter judgment for the appellant.
 
 
 
 [1]
 The relevant portion of the contract provision is as follows:
 Article 15 DISCHARGE OR SUSPENSION
 Section 1 Cause for Dismissal or Suspension
 No employee may be discharged or suspended without just cause. Nothing shall prohibit the Union from investigating any dismissal or suspension and resorting to the Grievance Procedure provided in this Agreement. Until the case has been discussed with the Business Agent, no employee may be dismissed or suspended except where the provisions of this Section provide for immediate dismissal. In the event that it is decided, as provided in the Grievance Procedure set forth in this Agreement, that the suspension or discharge was without just cause, the decision shall provide for reinstatement with or without back pay. If the decision directs reinstatement with pay, the Employer shall not receive any credits for wages or compensation earned by the employee while he was out of the Employer's employ .... Except in the case of immediate dismissal for the causes set forth below, no employee may be dismissed or suspended for his first offense, but shall receive at least one written warning.... The parties agree that causes for dismissal without first discussing the matter with the Business Agent shall be the following:
 * * *
 (2) Drunkenness, proven drinking during working hours, or being under the influence of alcohol or unlawful narcotics during working hours.
 (emphasis added).
 
 
 [2]
 The agreement requires a written warning in cases other than those for which immediate dismissal is provided, and specifies various details with regard thereto. The arbitrator did not equate the warning to which he found Gray was entitled with the contractual written warning
 
 
 [3]
 The arbitrator noted that "[t]here is some dispute in the record as to whether the one day suspension was for drinking or for refusal to leave the premises when directed to do so."
 
 
 [4]
 The Union filed a Counterclaim seeking an injunction enforcing the award, pre-judgment interest on back pay, and attorneys' fees and costs. On appeal the Union argues that the arbitrator erred in deducting interim earnings from Gray's back pay award notwithstanding a contract provision that no such credit is to be permitted. We will not address this issue as it was not presented to the district court
 
 
 [5]
 Fraud, partiality, misconduct, violation of specific command of law, or vagueness rendering enforcement impracticable are also grounds on which an arbitral award may be contested. Ludwig Honold Mfg. Co., 405 F.2d at 1128 n. 27. None of these claims is presented in this case
 
 
 [6]
 Enforcement of the award does not violate public policy as Super Tire suggests. Public policy may be a ground for overturning awards "only if upholding an award would amount to 'judicial condonation' of illegal acts" and thus would "conflict[ ] directly with federal or state law." Kane Gas Light & Heating Co. v. International Brotherhood of Firemen and Oilers, Local 112, 687 F.2d 673, 681-82 (3d Cir.1982), cert. denied, --- U.S. ----, 103 S.Ct. 1251, 75 L.Ed.2d 480 (1983). The public policy must be "well defined and dominant, and is to be ascertained 'by reference to the laws and legal precedents.' " W.R. Grace & Co., 103 S.Ct. at 2183 (quoting Muschany v. United States, 324 U.S. 49, 66, 65 S.Ct. 442, 451, 89 L.Ed. 744 (1945)). Gray's reinstatement conflicts with no law or well-defined policy of which we are aware. Cf. Amalgamated Meat Cutters, Local Union 540 v. Great Western Food Co., 712 F.2d 122 (5th Cir.1983) (violation of public policy to reinstate truck driver whose intoxication caused a wreck). There was no evidence that Gray poses a threat to fellow workers or society