773 F.2d 530
 120 L.R.R.M. (BNA) 2505, 103 Lab.Cas. P 11,660
 LOCAL 863 INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA
and Douglas Samuels, Appellants,
v.
JERSEY COAST EGG PRODUCERS, INC., a corporation of the State
of Delaware, Appellee.
 No. 84-5869.
 United States Court of Appeals,
Third Circuit.
 Submitted under Third Circuit Rule 12(6)
Aug. 8, 1985.
Decided Sept. 25, 1985.
 
 Kenneth I. Nowak, James R. Zazzali, Zazzali, Zazzali & Kroll, Newark, N.J., for appellants.
 Scott J. Basen, Rothstein, Mandell & Strohm, Lakewood, N.J., Charles H. Mandell, Newark, N.J., for appellee.
 Before ALDISERT, Chief Judge, and STAPLETON and MANSMANN, Circuit Judges.
 OPINION OF THE COURT
 MANSMANN, Circuit Judge.
 
 
 1
 This appeal requires the court to decide whether an order of the district court vacating an arbitration award is error. We find that, given the limited scope of review over arbitration decisions afforded the courts, the district court erred in vacating the award. We reverse the district court and reinstate the arbitration award.I.
 
 
 2
 On February 27, 1984, a customer reported observing appellee's delivery truck driver, Douglas Samuels, make an unauthorized sale of one case of eggs to an unidentified person. Approximately one week later, although its records did not evidence a loss of eggs, the appellee discharged Mr. Samuels for theft. The appellee stated in its "Employee Warning Report" notifying Mr. Samuels of his immediate termination. "We have been advised that on 2/27/84 you were seen selling eggs off your delivery truck to an unauthorized individual. This is against company policy." Appendix, at 1a. The appellee had implemented a set of written rules and operating procedures for drivers in August of 1981. One of these rules, rule 13, provides in part: "The driver will be terminated immediately if the following events occur. 1. Stealing from the company or its customers." Id. at 227a. The appellant union filed a grievance pursuant to the parties' collective bargaining agreement protesting Mr. Samuels' discharge.
 
 
 3
 In addition to discharging Mr. Samuels, the appellee pursued a criminal complaint in the Municipal Court of Voorhees Township, alleging theft of the eggs which were valued at $35.00. Following a nonjury trial on April 9, 1984, Mr. Samuels was found guilty of the misdemeanor and was ordered to pay a $50.00 fine, $25.00 in costs, and $25.00 to the Violent Crime Compensation Board. No appeal from the criminal conviction was taken.
 
 
 4
 The grievance filed by the appellant union proceeded through the various stages of review and was scheduled for arbitration on July 26, 1984. On July 12, 1984, the appellee filed a complaint in the Superior Court of New Jersey, Chancery Division, seeking a temporary restraining order on the arbitration and a declaratory judgment providing that no arbitrable issue exists as to the validity of the discharge. On July 24, 1984, the Superior Court refused to restrain the arbitration.[1]
 
 
 5
 An arbitration hearing was conducted as scheduled on July 26. In an Opinion and Award issued September 11, 1984, the arbitrator set aside the discharge, holding "that the Grievant did not violate the Company rule in paragraph 13 and that there was no just or sufficient cause for the discharge of the Grievant." Id. at 173a (emphasis in original).
 
 
 6
 On September 17, 1984, the appellant union filed a petition to confirm the arbitration award in the United States District Court. On the following day, the appellee filed a motion to vacate the award in the Superior Court of New Jersey, Chancery Division. This action was removed by appellants to the district court pursuant to 28 U.S.C. Sec. 1441. The appellants alleged that the action involved section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Sec. 185, and sections 9 and 10 of the United States Arbitration Act, 9 U.S.C. Secs. 9 & 10. The petition to confirm and the motion to vacate the arbitration award were consolidated in the district court.
 
 
 7
 The appellee subsequently moved to remand the motion to state court, and the appellants moved to amend their petition to confirm so as to invoke section 301 of the LMRA. The appellants' motion to amend was granted on November 29, 1984. On December 3, 1984, the district court heard oral argument on the appellee's motion to remand and on the cross-motions to confirm and to vacate the arbitration award. In an opinion issued from the bench, the district court denied appellee's motion to remand. The court granted appellee's motion to vacate and denied appellant union's petition to confirm. The court reasoned that the arbitrator's decision exhibited manifest disregard for the law by ignoring the collateral estoppel effect of the misdemeanor conviction. The Court issued the appropriate order on December 5, 1984. Before this court is an appeal of that order.
 
 II.
 
 8
 This court must decide whether the district court exceeded the permissible bounds of its scope of review in setting aside the arbitration award. In essence, we must review the district court's conclusion that the arbitrator exhibited manifest disregard for the law by refusing to accord dispositive preclusive effect to Mr. Samuels' misdemeanor conviction for theft. Because this issue involves the interpretation and application of legal precepts, our review is plenary. Universal Minerals Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir.1981).
 
 
 9
 At the outset we note that the district court's scope of review over the arbitration award is narrowly circumscribed. Parties who include an arbitration clause in their collective bargaining agreement "choose to have disputes concerning constructions of the contract resolved by an arbitrator." W.R. Grace & Co. v. Local Union 759, International Union of the United Rubber, Cork, Linoleum & Plastic Workers of America, 461 U.S. 757, 764, 103 S.Ct. 2177, 2182, 76 L.Ed.2d 298 (1983). A court must defer to an arbitrator's decision "so long as it draws its essence from the collective bargaining agreement." United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960) ("Enterprise Wheel" ). "[A] federal court may not overrule an arbitrator's decision simply because the court believes its own interpretation of the contract would be the better one." W.R. Grace & Co., 461 U.S. at 764, 103 S.Ct. at 2182 (quoting Enterprise Wheel, 363 U.S. at 596, 80 S.Ct. at 1360). Nor may a court disturb an arbitrator's award because it finds an error of law. Wilko v. Swan, 346 U.S. 427, 436-37, 74 S.Ct. 182, 187-88, 98 L.Ed. 168 (1953). The Supreme Court of the United States has noted:
 
 
 10
 As their award may be made without explanation of their reasons and without a complete record of their proceedings, the arbitrators' conception of the legal meaning of such statutory requirements as "burden of proof," "reasonable care" or "material fact," ... cannot be examined.
 
 
 11
 Id. at 436, 74 S.Ct. at 187. An award may be set aside only in limited circumstances, for example, where the arbitrator's decision evidences manifest disregard for the law rather than an erroneous interpretation of the law. Id.
 
 
 12
 The collective bargaining agreement between the appellant union and the appellee sets forth a procedure for the filing of grievances and for submission of disputes to arbitration at the request of either party. See Appendix, at 221a-222a. The issue submitted to the arbitrator in the instant action is set forth in the Opinion and Award:
 
 
 13
 Was the discharge of Douglas Samuels, the Grievant, for just and sufficient cause pursuant to the terms of the Collective Bargaining Agreement? If not, what shall be the remedy?
 
 
 14
 Id. at 169a. Presumably, resolution of that issue involved the arbitrator's interpretation and application of Paragraph 21 of the Collective Bargaining Agreement entitled "Discharge of Employees." Id. at 222a. Paragraph 21 provides:
 
 
 15
 No employee shall be discharged by the Employer except for just and sufficient cause. When an Employee is discharged the Employer shall notify the Union by Registered Mail within five (5) days after the discharge and state the reasons for the discharge. If the Union, in any case, contends that an employee was discharged without just and sufficient cause, then and in that event the validity of said discharge shall be submitted to Arbitration in the manner provided for in Paragraph "18". In the event the Board of Mediation determines that an Employee was discharged without just and sufficient cause, said Employee shall be reinstated with full pay for all time lost by him from work as a result of said discharge.
 
 
 16
 Id. The arbitrator "reviewed and weighed carefully all of the testimony and evidence offered at the hearing, including the post hearing transcript" and concluded that "[t]he discharge of Douglas Samuels, the Grievant, was not for just and sufficient cause pursuant to the terms of the Collective Bargaining Agreement." Id. at 174a (Arbitrator's Opinion and Award).
 
 
 17
 In light of the agreement between the parties, the issue submitted to the arbitrator, and the arbitrator's conclusion, this court finds that the district court impermissibly set aside the arbitrator's award. As this court noted in a similar context, "once it is conceded that the arbitrator had the power to make a just cause determination, the district court is not free to review the merits of that determination." Super Tire Engineering Co. v. Teamsters Local Union No. 676, 721 F.2d 121, 125 (3d Cir.1983), cert. denied, --- U.S. ----, 105 S.Ct. 83, 83 L.Ed.2d 31 (1984). The Supreme Court has warned the federal courts not to review the reasoning of the arbitrator.
 
 
 18
 Arbitrators have no obligation to the court to give their reasons for an award. To require opinions free of ambiguity may lead arbitrators to play it safe by writing no supporting opinions. This would be undesirable for a well-reasoned opinion tends to engender confidence in the integrity of the process and aids in clarifying the underlying agreement.
 
 
 19
 Enterprise Wheel, 363 U.S. at 598, 80 S.Ct. at 1361. So long as it draws its essence from the collective bargaining agreement, an arbitrator's award must be enforced absent a showing of "[f]raud, partiality, misconduct, violation of a specific command of law, or vagueness rendering enforcement impractical," Super Tire Engineering Co., 721 F.2d at 124 n. 5 (citing Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123, 1128 n. 27 (3d Cir.1969)), or a showing that enforcement would be contrary to public policy. W.R. Grace & Co., 461 U.S. at 766, 103 S.Ct. at 2183.
 
 
 20
 The district court, recognizing that in this case only a "manifest disregard" of the law would warrant the setting aside of the arbitrator's award, held that "the arbitrator's refusal to accept the valid, unappealed judgment of a court of this state [the misdemeanor conviction], rendered after a full and fair hearing, and disposing of the precise issue being arbitrated, constituted manifest disregard for the law." Appendix, at 211a-212a. The district court, however, erred in applying the principle of collateral estoppel so as to void the arbitrability of the issue submitted to the arbitrator.
 
 
 21
 We need not reach the issue of whether an arbitrator was bound by the doctrine of collateral estoppel in the circumstances of this case or in any such case at this time.[2] Assuming, arguendo, that this doctrine of collateral estoppel precludes relitigation of the factual issue of theft, it remains within the arbitrator's purview to interpret the impact of such a finding in the context of the particular collective bargaining relationship in question. The court may not reevaluate supposed inconsistencies in the arbitrator's logic or review the merits of the arbitrator's decision.[3] See Super Tire Engineering Co., 721 F.2d at 125. It remains the decision of the arbitrator, and the arbitrator alone, whether the misdemeanor conviction constitutes just cause for the dismissal under the terms of the collective bargaining agreement.
 
 
 22
 The district court impermissibly imposed its own interpretation of the collective bargaining agreement by essentially holding that the misdemeanor conviction for theft was per se support for the discharge. Such a decision ignores the possibility that an arbitrator may interpret the contract in a different manner and find a lack of "just and sufficient cause" for a discharge for theft despite the misdemeanor conviction. This is especially true where, as here, the discharge occurred one month prior to the conviction. It cannot be said that Mr. Samuels' discharge was an issue that was "strictly a function of management" or an issue removed from the scope of arbitration. United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 584, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960). The collective bargaining agreement clearly calls for arbitration of any disputed discharge. The work rule warning that theft from the employer or from a customer will result in a discharge does not supercede the agreement to arbitrate.
 
 
 23
 In Super Tire Engineering, this court addressed a factual context similar to that at bar. In that case, the collective bargaining agreement provided for immediate dismissal of employees found drinking alcoholic beverages during work hours. Super Tire Engineering, 721 F.2d at 122. Nonetheless, an arbitrator reinstated an employee discharged for violation of the drinking rule. Id. at 123. The arbitrator found that the "just cause" clause of the collective bargaining agreement applied to the "immediate dismissal" for drinking provision and held that the discharge of the grievant lacked just cause because the employees, and the discharged employee in particular, had not received sufficient warning of the automatic sanction of discharge. Id. This court refused to permit the setting aside of that award, reasoning that "[i]n the absence of an unambiguous provision in the agreement mandating dismissal or removing an arbitrator's review function, we will not set aside an arbitrator's decision to review a dismissal in light of the mix of factors that make up just cause." Id. at 125.
 
 
 24
 Similarly, in Arco-Polymers, Inc. v. Local 8-74, this court held that a district court erred in vacating an arbitration award where the arbitrator had reinstated an employee absent for more than four days without "good and sufficient cause" despite a provision of the collective bargaining agreement stating that such persons "shall be subject to discharge." 671 F.2d 752, 753-54 (3d Cir.1982). This court found that an opinion and award which "might be viewed as confusing and subject to various interpretations" should not be set aside so long as one of those interpretations would support a finding that the award draws its essence from the contract. Id. at 756-57. The interpretation accepted by the Arco-Polymers court was that "[i]n a proper case an arbitrator ... may construe a 'just cause' provision of a labor contract to include a progressive discipline requirement and may determine that certain conduct is 'just cause' for discipline but not for discharge." Id. at 756 (quoting Mistletoe Express Service v. Motor Expressmen's Union, 566 F.2d 692, 695 (10th Cir.1977)). This court concluded that "it would not necessarily have been inconsistent for the arbitrator to have found that [the discharged employee] had no 'good and sufficient cause' for his absences but that the Company had no 'just cause' to discharge him." Arco-Polymers, Inc., 671 F.2d at 756.
 
 
 25
 In the instant litigation, the arbitrator interpreted the employer's burden of proof, stating:
 
 
 26
 That discharge [of Mr. Samuels], however, whether prohibited by an established work rule or by generally accepted contractual notions, must be judged by the standards attached to the effective collective bargaining agreement. That standard herein, and as stated above, is by clear and convincing evidence supporting the allegations and a factual finding thereof. Such a factual determination has not been reached by the Arbitrator in the instant matter.
 
 
 27
 Appendix, at 173a. As the Supreme Court of the United States noted in Wilko v. Swan, the arbitrator's conception of matters such as the burden of proof may not be reexamined by the courts. 346 U.S. at 436, 74 S.Ct. at 187. The instant arbitrator found that the employer had not met its burden of proof because it failed to establish proof of loss and failed to accord the process due a twenty-five year employee. Appendix, at 173a. It is a permissible interpretation of the award to say that the arbitrator decided that, by the terms of the agreement and under the facts of the case, a misdemeanor conviction was not just cause for dismissal. Such an interpretation suggests that the award draws its essence from the parties' agreement and may not be set aside. See Sun Petroleum Products Co. v. Oil, Chemical and Atomic Workers International Union, Local 8-901, 681 F.2d 924, 928 (3d Cir.1982) ("when an arbitrator's opinion is subject to varying interpretations, a court may not deny enforcement of the arbitrator's award as long as one interpretation of the opinion suggests the award does draw its essence from the parties' agreement") (citations omitted).
 
 
 28
 "The short answer to [the employer's] contentions is that [it] agreed to leave to an arbitrator the resolution of disputes whether [just] cause existed for the discharge of any employee represented by [the union]. The arbitrator has ruled, and [the employer] is bound by that award." Mobil Oil Corp. v. Independent Oil Workers Union, 679 F.2d 299, 304 (3d Cir.1982). Neither this court nor the district court may substitute its interpretation of the collective bargaining agreement and the collateral estoppel effect of the misdemeanor conviction for the decision of the arbitrator on the issue submitted to arbitration pursuant to the parties' agreement. It is for the arbitrator and not for the court to decide whether a misdemeanor conviction supports a discharge under the terms of the collective bargaining agreement. Cf. W.R. Grace & Co., 461 U.S. at 765-66 n. 8, 103 S.Ct. at 2183-84 n. 8 (court not permitted to interpret clause specifying that state and federal laws supercede the collective bargaining agreement).
 
 III.
 
 29
 We find that the district court erred in holding that the arbitrator's award evidenced a manifest disregard for the law. Consequently, we will reverse the district court and will reinstate the award of the arbitrator.
 
 STAPLETON, Circuit Judge, concurring:
 
 30
 I agree that the arbitrator's award must be enforced. I write separately to emphasize what for me is the crucial fact of the matter: the arbitrator understood the parties to have bargained for his decision rather than for that of the Municipal Court.
 
 
 31
 Although the arbitrator in this case was aware of the fact finding done by the Municipal Court, he construed the collective bargaining agreement as calling for him to determine independently both what the employee had done and whether his conduct constituted "just and sufficient cause." Given the fact that the agreement provided for an arbitral, rather than a judicial, resolution of discharge issues, it cannot be said that this interpretation of the arbitrator failed to draw "its essence from the collective bargaining agreement." United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). This means, in my view, that the district court was bound to enforce the award unless it could be said that the collective bargaining agreement, as construed, was contrary to law or against public policy.
 
 
 32
 While appellee has cited some case law supporting the proposition that the doctrine of collateral estoppel can properly be applied in an arbitration context, we have been referred to no authority suggesting that a collective bargaining agreement which insists on an arbitrator's resolution of fact issues despite the existence of judicial fact finding is either contrary to law or against public policy. Given that the failure to apply collateral estoppel in this context involves no additional burden on public, judicial resources, I perceive no reason why management and labor should not be free to bargain about this matter.
 
 
 33
 ALDISERT, Chief Judge, dissenting.
 
 
 34
 Douglas Samuels was convicted of stealing from his employer, Jersey Coast Egg Producers, Inc., which had fired him for the theft. He did not appeal the conviction. Yet, according to Arbitrator Pierson, he should not have been fired because he was not guilty and, moreover, the company has to rehire him and award him backpay.
 
 
 35
 District Judge Thompson said in effect that this was nonsense and refused to enforce the arbitrator's award. The majority disagree and reverse. I dissent. I would affirm because, like Judge Thompson, I find the arbitrator's refusal to accept the valid, unappealed judgment of the municipal court a "manifest disregard for the law." App. at 212a.
 
 I.
 
 36
 The case of Ludwig Honold Manufacturing Co. v. Fletcher, 405 F.2d 1123 (3d Cir.1969), is controlling. Speaking for the court in that opinion, I set forth two fundamental precepts to guide labor arbitrators and the courts that review their awards: first, an arbitrator must never act in "manifest disregard" of general law; second, because the parties have bargained for the arbitrator's interpretation of the labor contract, the arbitrator's award will be sustained so long as the interpretation is based on some principles of contract construction and the law of the shop.[1] I made clear, however, both in the text of the opinion, and in a footnote, that in addition to cases where the arbitrator totally departed from principles of contract construction, "[a]n award may be vacated where it ... violates a specific command of some law...." 405 F.2d at 1128-29 n. 27 (citing cases). That is precisely what the arbitrator did here.
 
 II.
 
 37
 Here we have a criminal conviction in which Samuels was convicted by proof beyond a reasonable doubt. I cannot conceive of any subsequent civil proceeding before any Article III judge, including a Supreme Court justice, or before any federal magistrate, bankruptcy judge, or state judge, in which the judicial officer would not be bound by the previous determination. The reason for this is that the proof in the criminal proceeding (beyond a reasonable doubt) is a higher burden than the subsequent civil case. The same is not true, however, where the person is acquitted in the criminal proceeding. The judicial officers in the subsequent civil case may reexamine the facts because the burden of proof is of a lesser degree (usually, preponderance of the evidence).
 
 
 38
 The question then comes, if a U.S. Supreme Court justice is bound by the law of issue preclusion by a previous criminal case, is there any satisfactory reason to exempt a labor arbitrator from following the same law? I think not. This is not a specialized aspect of interpreting a labor contract. This is not an area calling for knowledge of the law of the industrial shop. This is not a matter that conflicts with the informality of fact determination including the acceptance of hearsay evidence that usually characterizes an arbitration proceeding. There is nothing in familiarly stated reasons for imposing the law of issue preclusion upon judges of courts of record that should exempt labor arbitrators from adhering to this requirement.
 
 
 39
 Moreover, it would seem that imposing issue preclusion on a labor arbitrator where a criminal case precedes the arbitration is a matter of a fortiori proportions especially, as here, where an arbitrator has chosen to re-invent the facts of the criminal conviction and the crime under which the employee was charged and found guilty.
 
 III.
 
 40
 It is uncontroverted that Arbitrator Pierson was informed that Douglas Samuels "did commit the theft of company property on February 27, 1984 as determined by the Voorhees Township Municipal Court." App. at 44a (emphasis supplied). It is also uncontroverted that the criminal information in that court charged that Samuels
 
 
 41
 did within the jurisdiction of this court, commit an act of theft upon Jersey Coast Egg Producers by unlawfully taking and exercising control over certain movable property, to wit: one case of eggs valued at $35.00 belonging to another with the intent to deprive the owner thereof; in violation of: NJS 2C:20-3.
 
 
 42
 App. at 2a. Chapter 20 of the New Jersey Code of Criminal Justice is titled "Theft and Related Offenses". Section 2C:20-3 provides:
 
 
 43
 2C:20-3. Theft by unlawful taking or disposition
 
 
 44
 a. Movable property. A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with purpose to deprive him thereof.
 
 
 45
 b. Immovable property. A person is guilty of theft if he unlawfully transfers any interest in immovable property of another with purpose to benefit himself or another not entitled thereto.
 
 
 46
 The transcript of the Municipal Court proceedings reveals:
 
 
 47
 THE COURT: [T]he testimony of [the witness] is one without interest, and he just impresses this court of having very unemotionally testifying this is what he saw and that is what he said, and that is what he heard.
 
 
 48
 On the other hand, the testimony of the Defendant, obviously has an interest. His interest is his job, which this Court is not unmindful of, and the implication of the consequences of this action, and he comes to Court and denies each of the allegations and statements by Hartman.
 
 
 49
 The testimony would seem to indicate that the Defendant did, while making a delivery, take a case of these eggs, and cause it to be passed over to someone else, not on his delivery route, and it would seem to this court that the State has carried its burden beyond a reasonable doubt.
 
 
 50
 I am saddened by making this decision, his job is on the line. Apparently the Court has no alternative but to enter a finding of Guilty.
 
 
 51
 App. at 34a.
 
 
 52
 Notwithstanding that the criminal information was based on the New Jersey criminal statute for theft, the arbitrator commented: "Moreover, the Union maintained that the conviction was for disorderly persons, not theft." Id. at 171a. As a lawyer, the arbitrator should know that the New Jersey grading criteria for the theft of an amount under $200.00, imposing a sentence equal to that of disorderly persons does not change the legal conclusion of theft. See N.J.Stat.Ann. Sec. 2C:20.2(b) (West 1982).
 
 
 53
 The majority state that they need not reach the issue of collateral estoppel, assuming arguendo that it would apply, because it would still be the decision of the arbitrator as to whether the "misdemeanor conviction constitutes just cause for dismissal under the terms of the collective bargaining agreement." I fully agree that the arbitrator has the final say as to the legal conclusion of what constitutes just cause under the collective bargaining agreement. The arbitrator clearly addressed this issue stating that theft would constitute just cause: "Stealing from an employer ... is an offense which, if proven, clearly warrants summary discharge. It is conduct which should not nor cannot be condoned by the parties to the collective bargaining relationship. When it occurs, just cause exists for discharge." App. at 173(a).
 
 
 54
 Notwithstanding this clearly proper legal conclusion, the arbitrator instead decided to rewrite the factual history of the case before him. Although Samuels was convicted beyond a reasonable doubt of stealing a crate of eggs from his employer, the arbitrator concluded: "[T]his arbitrator has not been convinced that [Samuels] did commit the act of theft on February 27, 1984." Id.
 
 
 55
 In my view, a more blatant disregard of the law by an arbitrator is very difficult to imagine. The arbitrator clearly stated that theft constitutes just cause for discharge. But with regard to the factual issue of theft itself, the arbitrator completely ignored a record showing that Samuels had already been convicted of that same theft. This is "manifest disregard" of the law of issue preclusion. This "violates a specific command of some law." As such, his award should be vacated. Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123, 1129 (3d Cir.1969).
 
 
 
 [1]
 Subsequent to the issuance of the arbitrator's award on September 11, 1984, the Superior Court of New Jersey dismissed the appellee's action seeking declaratory judgment
 
 
 [2]
 The case law is far from clear on this issue. While the district court held that the law requires application of the doctrine of collateral estoppel in arbitrations, we question that proposition in light of recent comments contained in decisions of the Supreme Court of the United States. See Dean Witter Reynolds Inc. v. Byrd, --- U.S. ----, ---- & n. 9, 105 S.Ct. 1238, 1243 & n. 9, 84 L.Ed.2d 158 (1985); McDonald v. City of West Branch, 466 U.S. 284, ----, 104 S.Ct. 1799, 1802, 80 L.Ed.2d 302 (1984); Kremer v. Chemical Construction Corp., 456 U.S. 461, 477-78, 102 S.Ct. 1883, 1895-96, 72 L.Ed.2d 262 (1982)
 
 
 [3]
 The district court ignores this principle when it holds that given the arbitrator's finding "that the company rule allowing discharge for theft was proper under the collective bargaining agreement," appendix, at 205a, the misdemeanor conviction requires approval of the discharge
 
 
 [1]
 My precise language follows:
 [T]his means that the interpretation of labor arbitrators must not be disturbed so long as they are not in "manifest disregard" of the law, and that "whether the arbitrators misconstrued a contract" does not open the award to judicial review.
 Accordingly, we hold that a labor arbitrator's award does "draw its essence from the collective bargaining agreement" if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award.
 405 F.2d at 1128 (footnotes omitted).