JOVIJO, INC., Plaintiff,

v.

UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 23, Defendant.

Civ. A. No. 85–1889.

United States District Court,
W.D. Pennsylvania.

Aug. 15, 1986.

Christopher Lepore, Monroeville, Pa., for plaintiff.

J.M. Maurizi, James Reehl, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This action brought under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, requests that this court vacate an arbitration award entered in a labor dispute arising over the firing of two employees. Plaintiff, JoViJo, Inc., is an employer within the meaning of the Act, and defendant is a labor organization representing the employees. Plaintiff and defendant are parties to a collective bargaining agreement which includes a grievance procedure and provides for arbitration at the request of either party. Section 12.5 of the agreement indicates that the decision of the arbitrator on any issue properly before him in accordance with the provisions of the agreement shall be final and binding on the employer, the union, and the employee or employees involved.

Employees, Thomas Warren and John Pacsuta, were indefinitely suspended from their jobs as stock boys on December 18, 1984 for theft and abuse of company property. The company gave written notice of the suspension, pending discharge. The employees were discharged effective January 5, 1985. When the matter was not resolved in the course of the grievance process, it was appealed to arbitration as per the collective bargaining agreement. The arbitrator issued an Opinion and Award on July 21, 1985 determining that the employer had violated Article 11.1(a) and (b) by interrogating the employees absent the presence of a Union representative and concluded that the employees should be reinstated with full back pay and benefits. The employer subsequently reinstated the employees, but did not pay the award of back pay and benefits. Instead, the employer brought this action seeking to vacate the award. The union has filed a counterclaim seeking enforcement of the arbitrator's decision.

Our review over the arbitration award is narrowly circumscribed, since the parties themselves have agreed to resolve their disputes by arbitration. *W.R. Grace & Co. v. Local Union 759, International Union of the United Rubber, Cork, Linoleum & Plastic Workers of America,* 461 U.S. 757, 764, 103 S.Ct. 2177, 2182, 76 L.Ed.2d 298 (1983). A federal court may not overrule an arbitrator's decision even if the court believes that its own interpretation would be a better one. *Kane Gas Light & Heating Co. v. International Brotherhood of Fireman and Oilers, Local 112,* 687 F.2d 673 (3d Cir.1982), *cert. denied,* 460 U.S. 1011, 103 S.Ct. 1251, 75 L.Ed.2d 480 (1983). *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960). The arbitrators are "the final judges of both law and fact and their award will not be disturbed for a mistake of either." *Ludwig Honold Mfg. Co. v. Fletcher,* 405 F.2d 1123 (3d Cir.1969). An arbitrator's award which is drawn from the four corners of the bargaining agreement should be enforced unless it is in "manifest disregard of the law." *Id.,* at 1128; *Local 863 International Brotherhood of Teamsters v. Jersey Coast Egg Producers, Inc.,* 773 F.2d 530, 533 (3d Cir.1985).

In this case, the arbitrator's award is drawn from Articles 11 and 12 of the collec-

tive bargaining agreement Article 11—Employee Discipline reads as follows:

"11.1 *Interrogation*

(a) The Company and/or its representatives (security personnel) shall not request or conduct any interview, interrogation or meeting of any employee suspected of any violation of Company policy without notice to, and in the presence of, the Union Steward or Union Business Representative at such interview, interrogation or meeting. As used herein "notice" shall mean actual and not constructive notice to the Union Steward and/or Business Representative.

(b) It is the specific intent hereof that no suspected employee shall be subjected to any interview, interrogation or meeting without the actual presence of a Union Representative. Accordingly, *no employee shall be permitted to directly or indirectly waive this requirement. Any such alleged waiver whether written or oral, shall be of no effect* and shall not be binding upon the employee or the Union.

(c) *In the event that the Company conducts any such interview,* interrogation or meeting with any such suspected employee without compliance with the above requirements, then *any such employee disciplined thereafter shall be reinstated without loss of pay or other benefits."* (Emphasis added.)

Since we conclude that the arbitrator's decision was drawn from the collective bargaining agreement, and shows no manifest disregard for the law, we decline to examine plaintiff's arguments which urge us to re-examine the correctness of the arbitrator's award on the merits. The employer voluntarily agreed to arbitration as a final means of settling disputes of this nature, and we will not undermine that agreement by substituting our interpretation for that of the arbitrator. We will therefore deny plaintiff's motion for summary judgment, and grant defendant's motion, thereby affirming the arbitrator's award. An appropriate order will issue.