

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-13-2005

# Comm Consul Inc v. Nextel Comm Mid Atl

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2750

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Comm Consul Inc v. Nextel Comm Mid Atl" (2005). *2005 Decisions.* Paper 855.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/855

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  04-2750

COMMUNICATIONS CONSULTANT, INC.,

Appellee

v.

NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC., d/b/a NEXTEL
and/or NEXTEL COMMUNICATIONS,

Appellant

_____

On appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No.: 04-MC-41
District Judge: The Honorable Charles R. Weiner

_____

Submitted pursuant to LAR 34.1(a)
June 28, 2005

Before: *NYGAARD, SMITH, and FISHER, *Circuit Judges*

(Filed:  July 13, 2005 )
_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge*.

Nextel Communications appeals from an order entered on May 28, 2004, in which

*Honorable Richard L. Nygaard assumed senior status on July 9, 2005

the United States District Court for the Eastern District of Pennsylvania granted the motion of appellee Communications Consultant, Inc. ("CCI") to confirm an arbitration award in favor of CCI. The District Court found that under the contract between Nextel and CCI, Nextel had effectively waived the right to challenge the legal analysis of the arbitration panel. The District Court also determined that in light of the considerable deference owed by federal courts to the determinations of arbitration panels, there was no basis for overturning the award in favor of CCI. We will affirm the judgment of the District Court.

Because we write only for the parties, we restrict our discussion to those facts and legal principles necessary to the resolution of this appeal. The dispute between the parties arises out of a March 10, 2000 Authorized Representative Agreement (the "Agreement) between Nextel and CCI, under which CCI was authorized to solicit customers for Nextel's wireless telecommunications services. Nextel terminated the agreement on September 10, 2001. Nextel cited as the basis for the termination the fact that CCI had purportedly sent an advertisement bearing the Nextel trademark to a marketing target without first obtaining the Nextel pre-approval required under the Agreement. CCI initiated arbitration proceedings pursuant to the Agreement, and the arbitrators found in favor of CCI. The arbitration panel determined that CCI had not violated the pre-approval provisions contained in the Agreement, reasoning that the advertisement that resulted in CCI's termination was virtually identical to an earlier advertisement that had

already been approved by Nextel, and that once approval for an advertisement had been obtained, the Agreement did not require further approvals for continued use of the same or substantially identical advertisements. The arbitration panel also awarded $601,112 in damages to CCI, including lost profits from the period during which CCI would presumably have continued to serve as Nextel's marketing representative had it not been improperly terminated by Nextel on September 10, 2001.

CCI filed a motion seeking to confirm the arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. Nextel filed a response in opposition, arguing that the arbitrators had exceeded their authority by ignoring applicable Virginia law. The District Court rejected Nextel's arguments and granted CCI's motion to confirm the award.

Review of arbitration awards under the FAA is "extremely deferential." *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003). Vacatur is appropriate only in "exceedingly narrow" circumstances, such as where arbitrators are partial or corrupt, or where an arbitration panel manifestly disregards, rather than merely erroneously interprets, the law. *See id.*; *Local 863 Int'l Bhd. of Teamsters v. Jersey Coast Egg Producers, Inc.*, 773 F.2d 530, 533 (3d Cir. 1985) (stating that error of law is insufficient basis for vacatur). Likewise, an arbitrator's "'improvident, even silly, factfinding' does not provide a basis for a reviewing court to refuse to enforce the award." *Major League Umpires Assoc. v. American League of Professional Baseball Clubs*, 357 F.3d 272, 279-80 (3d Cir. 2004)

3

(quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).

The deference we owe to the arbitration panel places a high hurdle before Nextel's challenge to the panel's analysis. This hurdle becomes insurmountable for Nextel in light of the language of the arbitration provision contained in the Agreement, in which Nextel as a matter of contract further restricted its own right to challenge the arbitration panel's determinations. The arbitration clause indicates that disputes arising under the Agreement "shall be resolved by binding arbitration" and that "[t]he decision of the arbitrators shall be final and unreviewable for error of law or legal reasoning of any kind and may be enforced in any court having jurisdiction of the parties." We have held that a settlement agreement containing similar language eliminates an arbitration participant's ability to challenge the arbitration panel's legal determinations in federal court. *See Tabas v. Tabas*, 47 F.3d 1280, 1288 (3d Cir. 1995). In the presence of such language, the only permissible basis upon which a litigant may challenge the panel's award is if the litigant can show that the panel's actions were influenced by "corruption, fraud, or partiality," or that the panel failed to provide a hearing to consider each party's views prior to issuing its decision. *See id.* Nextel has not alleged "corruption, fraud, or partiality," and it is clear from the record that the panel conducted hearings and provided extensive additional process prior to issuing its decision. The language of the Agreement's arbitration clause thus forecloses the very arguments raised by Nextel in its appeal.

4

Even if we were to consider the merits of Nextel's assertion that the arbitration panel exhibited "manifest disregard" for the law, we would still reject Nextel's position. With respect to the propriety of Nextel's termination for cause, Nextel argues that the arbitration panel ignored contractual language requiring CCI to obtain advance approval for "any and all" advertisements bearing the Nextel mark. The arbitration panel did not ignore this language; instead, it concluded that Nextel's initial approval of an advertisement conferred approval for use of the same or substantially similar advertisements on a going forward basis. The arbitration panel based this finding on its consideration of testimony provided by multiple witnesses concerning the manner in which the parties to the Agreement had interpreted and applied the advertising approval provisions on a day-to-day basis. Nextel's disagreement with the panel's assessment of the competing evidence does not provide a basis for overturning the panel's finding that the disputed advertisement had indeed been approved by Nextel, and thus we will not disturb the panel's conclusion that Nextel was precluded from relying on CCI's distribution of the advertisement as the basis for terminating CCI "for cause."

With respect to the issue of damages, Nextel argues that Virginia law limits the award of lost profits on a wrongful termination claim to the amount that would have accrued to the terminated party during the notice period required under a contractual provision permitting termination without cause. Nextel relied before the arbitration panel on *Newberry Condominium Unit v. Green Team*, 1989 WL 646412 (Va. Cir. Ct. 1989), a

5

Virginia trial court decision that has never been cited by a higher Virginia court. The arbitration panel found *Newberry* inapposite, and held that the Virginia Supreme Court's decision in *Arwood v. Hill's Adm'r*, 135 Va. 235, 117 S.E. 603 (1923), barred Nextel from seeking to limit its damages by retroactively converting a termination for cause to a termination without cause. The arbitration panel reasoned that *Newberry* was distinguishable, in that the defendant in *Newberry* had cited the contract's "without cause" provision as an alternative basis for its termination of the plaintiff at the time the termination occurred.

Here, in contrast, the arbitration panel found that Nextel's termination notice to CCI relied solely upon the Agreement's "for cause" termination provision. The panel observed that the termination notice did not indicate to CCI that Nextel was, in the alternative, providing thirty days notice and terminating CCI without cause, as contemplated by the Agreement's "without cause" termination provision. Nextel may disagree with the approach reflected in the arbitration panel's award decision, but it is plain that the panel did not "manifestly disregard" Virginia law in connection with its damages analysis. Moreover, any error attributable to the panel in terms of its treatment of *Newberry* would be "an error of law or legal reasoning," and the Agreement's arbitration provision bars Nextel from challenging the panel's award on such grounds.

We have considered Nextel's other arguments in addition to those discussed above, and find them to be without merit. We have also considered CCI's motion for

Rule 38 sanctions. While we have rejected Nextel's challenge to the arbitration panel's award, we do not believe that Nextel's position is so frivolous as to warrant imposition of sanctions. The judgment of the District Court will be affirmed.