**GOVERNMENT OF THE VIRGIN ISLANDS, Appellant/Plaintiff**

**v.**

**UNITED INDUSTRIAL, SERVICE, TRANSPORTATION, PROFESSIONAL AND GOVERNMENT WORKERS OF NORTH AMERICA SEAFARERS INTERNATIONAL UNION, ON BEHALF OF ERNEST BASON, Appellee/Defendant**

S. Ct. Civil No. 2011-0115

Supreme Court of the Virgin Islands

November 26, 2012

ROBERT A. MOLLOY, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellant.*

■■■■■ ■■■■■■■■■■

PEDRO K. WILLIAMS, ESQ., NAMOSHA BOYKIN, ESQ., Law Offices of Pedro K. Williams, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(November 26, 2012)

HODGE, *Chief Justice.* Appellant Government of the Virgin Islands appeals from an Opinion and Judgment entered by the Superior Court on December 13, 2011, which confirmed an April 29, 2011 arbitration award in favor of Ernest Bason and directed his immediate reinstatement as an Assistant Attorney General in the Virgin Islands Department of Justice. For the reasons that follow, we reverse the portion of the decision which mandated Bason's reinstatement.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Bason commenced his employment as an Assistant Attorney General on February 24, 1997. At all pertinent times, most Assistant Attorneys General — including Bason — were subject to a collective bargaining agreement, with the United Industrial, Service, Transportation, Professional, and Government Workers of North America Seafarers International Union ("UIW-SIU") serving as the exclusive bargaining representative. In a letter dated July 1, 2010, the Attorney General of the Virgin Islands informed Bason that, for various reasons, he intended to terminate Bason's employment and would impose a thirty day suspension at reduced pay effective July 26, 2010. Although the UIW-SIU filed a grievance on Bason's behalf on August 4, 2010, which was docketed as Grievance No. 029-10, the Attorney General stated that the Department of Justice would not participate in those proceedings because the ten day period to file a grievance began to run on July 1, 2010, rendering the August 4, 2010 grievance untimely. In addition, the Attorney General stated that, because a timely grievance was never filed, he forwarded his recommendation for Bason's termination to the Governor of the Virgin Islands.

Subsequently, the Governor of the Virgin Islands, in a letter dated July 23, 2010, but apparently not received by the UIW-SIU until August 16, 2010, accepted the Attorney General's recommendation and approved

Bason's termination, effective immediately. On August 25, 2010, the UIW-SIU filed a new grievance challenging the Governor's decision — which was docketed as Grievance No. 033-10 — and withdrew Grievance No. 029-10 as unnecessary. Ultimately, Grievance No. 033-10 proceeded to arbitration pursuant to the procedure set forth in the collective bargaining agreement. Although the Department of Justice sought to dismiss the grievance as untimely on grounds that the Governor's letter should not have re-started the ten-day period, the arbitrator rejected this argument in a January 2, 2011 Decision. Specifically, the arbitrator "reason[ed] that to find otherwise would reduce the Governor's review of the Attorney General's recommendation to a mere formality," and that doing so would deprive Bason of his rights to due process under the collective bargaining agreement. (J.A. 198.)

The arbitrator held a hearing on the merits on February 9, 2011, and February 10, 2011, and, after considering post-hearing submissions, resolved Grievance No. 033-10 in an April 29, 2011 Opinion. Because the Government has not challenged the arbitrator's factual findings as part of this appeal, they are relayed as found by the arbitrator. First, the arbitrator acknowledged that Bason's immediate supervisor, Wilson J. Campbell — at the time the Chief of the Criminal Division of the Department of Justice — was not a member of the Virgin Islands Bar nor eligible to practice law in the Virgin Islands. *See Application of Campbell*, S. Ct. BA. No. 2009-0230, 2011 V.I. Supreme LEXIS 28 (V.I. Mar. 3, 2011). The arbitrator further determined that Bason and other Assistant Attorneys General assigned to the Criminal Division had raised concerns with the Attorney General as early as November 2009 as to whether Campbell could serve in this position without first being admitted to the Virgin Islands Bar. According to the arbitrator, Campbell assigned two criminal matters to Bason on May 28, 2010, but Bason refused the assignments due to his existing workload and "engaged in a verbal discussion" with Campbell in which "[t]here is insufficient evidence to support a finding that the confrontation resulted in any assault or battery by either individual," but some evidence that Campbell was unable to close the door to his office due the placement of Bason's foot. (J.A. 202.) After this incident, two witnesses heard Bason, upon leaving Campbell's office, state that Campbell was illegally practicing law in the Virgin Islands without a license. Although Bason ultimately accepted both assignments, Campbell categorized Bason's actions as "insubordination" and recommended his

termination to the Attorney General. (*Id.*) On June 1, 2010, Bason filed a formal complaint with the Attorney General, which alleged that Campbell was engaging in the unauthorized practice of law in violation of section 443 of title 4 of the Virgin Islands Code.

Later that month, one of the criminal cases Campbell assigned to Bason proceeded to trial. Although the alleged victim in that matter and the sole witness, as well as their respective parents, notified Bason that they wanted the case dismissed, Bason informed the Superior Court that Campbell instructed him to proceed with the case. While Bason called the victim, the sole witness, and a police officer to testify, and otherwise attempted to prosecute the case, the Superior Court dismissed the case pursuant to Federal Rule of Criminal Procedure 29. Subsequently, Campbell questioned why Bason did not call two other police officers as witnesses, and on June 25, 2010, again recommended his termination. As a result, the Attorney General issued his July 1, 2010 proposed termination letter.

After making these factual findings, the arbitrator considered an alternate argument by the Department of Justice that the matter could not be arbitrated because title 3, section 113, of the Virgin Islands Code provides that the Governor may remove an Assistant Attorney General. The arbitrator, however, rejected this argument on the grounds that section 361 of title 24 permitted the Government to enter into a collective bargaining agreement with the Assistant Attorneys General, and that the Governor's authority to terminate an Assistant Attorney General was therefore constrained by the collective bargaining agreement, which provides that "[n]o employee shall be discharged without just cause." (J.A. 62, 208.) As to the merits, the arbitrator found (1) that the Governor violated Bason's due process rights by terminating him without providing him with an opportunity to respond to the allegations in the Attorney General's July 1, 2010 letter, and (2) that the Department of Justice failed to meet its burden of proving that Bason had failed to adequately prepare the cases assigned to him or was grossly negligent. As a remedy, the arbitrator ordered Bason's immediate reinstatement — including immediate restoration of all employment benefits — and back pay for the

period ranging from June 7, 2010,[1] to the date his actual reinstatement. (J.A. 199.)

On May 9, 2011, the Government filed a complaint, docketed as Super. Ct. Civ. No. 308/2011 (STT), seeking to vacate the arbitration award, as well as a declaratory judgment that the Department of Justice possessed no obligation to reinstate Bason. Shortly thereafter, the UIW-SIU, on behalf of Bason, initiated an action to enforce the arbitration award, docketed as Super. Ct. Civ. No. 364/2011 (STT). On August 1, 2011, the Superior Court consolidated both cases and, after various proceedings not relevant to this appeal, the parties filed motions for summary judgment on their respective claims.

The Superior Court entered judgment in favor of Bason on December 13, 2011. In its Opinion, the Superior Court agreed with the arbitrator that the UIW-SIU timely filed its August 25, 2010 grievance. Moreover, like the arbitrator, the Superior Court rejected the Government's argument that section 113 of title 3 precluded the grievance or rendered the remedy of reinstatement inconsistent with Virgin Islands public policy. As to the merits, the Superior Court confirmed most of the arbitration award, but found that the arbitrator exceeded his authority when he awarded Bason with any relief from June 7, 2010, to July 23, 2010. However, the Superior Court, like the arbitrator, never fully calculated the amount of back pay the Department of Justice would provide to Bason, and the parties have failed to agree on the amount of such back pay.

The Government timely filed its notice of appeal on December 20, 2011. However, on March 29, 2012 — after the parties had filed all of their briefs — the UIW-SIU moved to dismiss this appeal for lack of jurisdiction, on the grounds that neither the Superior Court nor the arbitrator ever established the amount of back pay owed to Bason.[2] According to the UIW-SIU, the absence of a clear monetary judgment renders the December 13, 2011 Opinion and Judgment non-final for

---

[1] In his April 29, 2011 Opinion, the arbitrator does not mention the significance of the June 7, 2010 date. However, the Superior Court's December 13, 2011 Opinion indicates that on June 7, 2010, the Attorney General suspended Bason with reduced pay, effective through June 25, 2010, for a different matter.

[2] As more fully explained in the motion to dismiss, the failure to calculate the specific amount of back pay owed to Bason became relevant since it caused the Superior Court, in a March 15, 2012 Order, to deny the UIW-SIU's motion to hold the Government in civil contempt.

purposes of section 32 of title 4. Given that the parties had already filed all of their merits briefs, this Court, in an April 12, 2012 Order, directed the parties to file supplemental briefs concerning the jurisdictional question, so that this Court could consider the jurisdictional issue concurrently with the merits.

## II. DISCUSSION

### A. Appellate Jurisdiction

Prior to considering the merits of an appeal, this Court must first determine if it has appellate jurisdiction over the matter. *V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008). "This Court's jurisdiction to review the Superior Court's order is governed by title 4, section 32(a) of the Virgin Islands Code, which provides that '[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law.' Section 32 embodies the final judgment rule, which generally requires a party 'to raise all claims of error in a single appeal following final judgment on the merits.' " *Bryant v. People*, 53 V.I. 395, 400 (V.I. 2010) (quoting *Enrietto v. Rogers Townsend & Thomas PC*, 49 V.I. 311, 315 (V.I. 2007)).

Both parties recognize that the December 13, 2011 Opinion and Judgment is technically not a final order, since neither the Superior Court nor the arbitrator has calculated the amount of back pay the Government must remit to Bason. However, the parties differ as to the implications of this failure. The UIW-SIU, relying upon *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 595-96, 80 S. Ct. 1358, 4 L. Ed. 2d 1424 (1960), and similar cases, contends that the absence of a clear monetary remedy deprives this Court of jurisdiction. In contrast, the Government argues that the practical finality rule, which permits an appellate court to review an order "that is not technically final but resolves all issues that are not purely ministerial," *Marshak v. Treadwell*, 240 F.3d 184, 190 (3d Cir. 2001), applies to this appeal. Nevertheless, the UIW-SIU believes that calculation of Bason's back pay is not a purely mechanical task, and as evidence cites to the fact that the parties disagree as to the amount. However, as an alternative basis for jurisdiction, the Government also contends that the portion of the December 13, 2011 Opinion and Judgment mandating Bason's immediate

reinstatement constitutes an appealable injunction pursuant to section 33(b)(1) of title 4 of the Virgin Islands Code.

██ The UIW-SIU is correct that the parties' dispute as to how the Superior Court should calculate any monetary damages ultimately awarded to Bason precludes us from exercising jurisdiction under the practical finality rule. *See Hard Rock Café v. Lee*, 54 V.I. 622, 627 n.6 (V.I. 2011). However, we agree with the Government that section 33(b)(1) authorizes this appeal. As the United States Court of Appeals for the Third Circuit has explained, a trial court order constitutes an injunction if it "not only adjudicate[s] some of the relief sought in the complaint," but is "of such a nature that if it grants relief it could be enforced *pendente lite* by contempt if necessary." *Cohen v. Bd. of Trustees*, 867 F.2d 1455, 1465 (3d Cir. 1989). Applying this standard, the Third Circuit held that an order mandating the immediate reinstatement of a terminated employee constitutes an injunction. *Id.* at 1468. As in *Cohen*, in this case the UIW-SIU explicitly requested Bason's reinstatement in the complaint it filed in Super. Ct. Civ. No. 364/2011 (STT), (J.A. 306), and the Superior Court could have unquestionably exercised its contempt powers if the Government refused to reinstate him within the time mandated by the December 13, 2011 Opinion and Judgment. Accordingly, we possess jurisdiction over this appeal, but only with respect to the Superior Court's directive that the Government reinstate Bason.

## B. Standard of Review

"This Court exercises plenary review of a Superior Court's grant of summary judgment," which necessitates "apply[ing] the same test that the lower court should have utilized." *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008). In this case, the parties do not dispute the underlying facts on appeal, and we resolve the case based solely on the Government's argument that Bason's discharge is not substantively arbitrable, a pure question of law which is unquestionably subject to plenary review. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 948, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995) ("We believe . . . that the majority of Circuits is right in saying that courts of appeal should apply ordinary, not special, standards when reviewing district court decisions upholding arbitration awards."). Therefore, while we note that some uncertainty exists as to what standard of review we should apply with respect to the arbitrator's interpretation of the collective bargaining agreement itself —

particularly its timeliness provisions — we decline, as part of this appeal, to resolve this issue.[3]

## C. Substantive Arbitability

The Government, as one of its arguments for reversal,[4] renews its claim that the discharge grievance procedure in the collective bargaining agreement is invalid because it is inconsistent with Virgin Islands law. The UIW-SIU concedes that, under section 11 of the Revised Organic Act of 1954, the Governor "may remove[] all officers and employees of the

---

[3] While we do not reach the issue we note that in its decision, the Superior Court held that "[t]he provisions of Section 10(a) of the [Federal Arbitration Act] constitute the exclusive bases on which an arbitration award may be vacated," (J.A. 12), and proceeded to rely on an unpublished decision from the United States Court of Appeals for the Third Circuit for the proposition that "an award should only be vacated if there is no support in the record for the arbitrator's determination or if the arbitrator demonstrates a manifest disregard for the agreement entirely unsupported by principles of contract construction." (J.A. 13 (quoting *Accuride Erie, L.P. v. Int'l Union, Auto., Aerospace & Agric. Implement Workers of Am., Local Union 1186*, 257 Fed. Appx. 574, 578 (3d Cir. 2007) (unpublished)). Previously, this Court explained that not all provisions of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA" or "the Act"), apply to Virgin Islands local courts. *See World Fresh Mkt. v. P.D.C.M. Assocs.*, S. Ct. Civ. No. 2011-0051, 2011 V.I. Supreme LEXIS 29, at *4 (V.I. Aug. 25, 2011) (collecting cases). The United States Supreme Court has expressly held, in the context of sections 9, 10, and 11 of the FAA, that "[t]he FAA is not the only way into court for parties wanting review of arbitration awards: they may contemplate enforcement under state statutory or common law, for example, where judicial review of different scope is arguable." *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 590, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008). Based on this pronouncement, some state courts have held that section 10 of the FAA — unlike sections 2 and 3 — is procedural rather than substantive, and does not apply to state court proceedings to the exclusion of state statutory or common law. *See, e.g., Raymond James Financial Services, Inc. v. Honea*, 55 So.3d 1161, 1169 (Ala. 2010) (holding section 10 of FAA is procedural and does not preempt state common law); *Cable Connection, Inc. v. DIRECTV, Inc.*, 44 Cal. 4th 1334, 82 Cal. Rptr. 3d 229, 190 P.3d 586, 597-99 (2008) (same).

[4] The Government also contends that the arbitrator erred when he held that the UIW-SIU timely filed its grievance on behalf of Bason. However, as noted above, to resolve the timeliness question, this Court would need to resolve several issues of first impression that have not been adequately briefed by the parties, including the applicability of section 10 of the FAA to Virgin Islands local courts and the appropriate standard of review of an arbitrator's interpretation of a public sector collective bargaining agreement. Since the failure to timely file a grievance under the collective bargaining agreement would not represent a jurisdictional defect, *see, e.g., Prosser v. Pub. Servs. Comm'n U.S.V.I.*, 56 V.I. 391, 405 (V.I. 2012) (discussing characteristics of jurisdictional defects); *In re Guardianship of Smith*, 54 V.I. 517, 526 (V.I. 2010) (same), we decline to address that issue as part of this appeal, but instead resolve the case based on the Government's alternate argument, in which our standard of review is clear and both parties have fully briefed the pertinent issues.

executive branch of the government of the Virgin Islands, except as otherwise provided . . . under the laws of the Virgin Islands," 48 U.S.C. § 1591, and that the Virgin Islands Code authorizes the Governor to remove an Assistant Attorney General. *See* 3 V.I.C. § 113 ("The Assistant Attorneys General shall be appointed by the Governor, and shall hold office during the continuance in office of the Governor . . . unless sooner removed by the Governor."). Nevertheless, the UIW-SIU argues that "[a]lthough section 11 of the Revised Organic Act and title 3, section 113 of the Virgin Islands Code authorize the Governor to terminate assistant attorneys general, they do not pr[e]scribe the manner and conditions, or lack thereof, by which such terminations may take place." (Appellee's Br. 21.) We disagree.

■ Assuming without deciding[5] that Assistant Attorneys General may unionize pursuant to chapter 14 of title 24 (24 V.I.C. § 361 *et seq.*) — as the Superior Court found in its December 13, 2011 Opinion[6] — their right to do so is not unlimited. Importantly, section 374 of title 24 expressly provides that "[r]ates of pay, hours, salaries, employee benefits, terms and conditions of employment and all matters relating thereto may be specifically negotiated in a collective bargaining proceeding between the public employer and the exclusive representative *unless otherwise specifically restricted by law.*" 24 V.I.C. § 374(a) (emphasis added).

---

[5] We note that the Government has devoted a substantial portion of its appellate brief to contesting the Superior Court's holding that Assistant Attorneys General — other than those designated as "First" and "Second" — are not exempt political appointees, which may imply that they may lack the statutory authority to unionize under chapter 14 of title 24 (24 V.I.C. § 361 *et seq.*). However, the Government has not explicitly asked us to invalidate Bason's reinstatement on the grounds that the entire agreement is void or otherwise unenforceable, and we decline to provide the Government with a potentially greater remedy on appeal than it has requested. *See People v. Ward*, 55 V.I. 829, 840 (V.I. 2011) ("[T]the People, in its brief, does not challenge the correctness of the Superior Court's decision to order a third trial based on the weight of the evidence, but requests, as the sole remedy, that this Court reverse the portions of the May 26, 2011 Opinion and Order that preclude [various witnesses] from testifying at that trial. . . . [T]he People's decision to expressly seek a lesser form of relief represents a waiver of that right.").

[6] During the Superior Court proceedings, the UIW-SIU argued that Act No. 4506 (V.I. Reg. Sess. 1980) provided alternate authority for Assistant Attorney General unionization, an argument which the Superior Court's December 13, 2011 Opinion rejected on the grounds that this enactment dealt only with a specific collective bargaining agreement that expired in 1982. Since the UIW-SIU has not renewed this argument on appeal — and has therefore waived the argument — we decline to review, *sua sponte* and without any briefing, the correctness of that portion of the Superior Court's holding.

Section 113 of title 3 expressly provides that "[t]he Assistant Attorneys General shall be appointed by the Governor, and shall hold office during the continuance in office of the Governor . . . unless sooner removed by the Governor." While the UIW-SIU attempts to harmonize section 113 and the collective bargaining agreement by arguing that the agreement simply "pr[e]scribe[s] the manner and conditions . . . by which such terminations may take place," this Court disagrees that any harmonization is possible with respect to the reinstatement provisions. We note that section 113 not only vests the Governor with the power to remove an Assistant Attorney General, but provides that an Assistant Attorney General's appointment terminates upon the conclusion of the term of the Governor who appointed him or her. Given that section 113 actually *mandates* automatic discharges of Assistant Attorneys General without cause at the conclusion of a Governor's term, it is not clear to this Court how the provisions of the collective bargaining agreement which permit reinstatement by an arbitrator of an Assistant Attorney General discharged without just cause can in any way be reconciled with the statutory enactment. Consequently, we reverse the portion of the December 13, 2011 Opinion and Judgment that directs the Government to reinstate Bason.

### III. CONCLUSION

Since the portion of the December 13, 2011 Opinion and Judgment mandating Bason's reinstatement constituted an appealable injunction, this Court possesses jurisdiction over that portion of the underlying order pursuant to section 33(b)(1) of title 4. As to the merits, to the extent Assistant Attorneys General may unionize pursuant to title 24, chapter 14, we hold that section 113 of title 3 precluded the arbitrator and the Superior Court from mandating that the Government reinstate Bason as an Assistant Attorney General. Accordingly, we reverse the portion of the December 13, 2011 Opinion and Judgment that authorizes Bason's reinstatement as an Assistant Attorney General, and direct the Superior Court, on remand, to issue a final judgment which is consistent with this Opinion.