NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2718
_____

PAUL GREEN SCHOOL OF ROCK MUSIC FRANCHISING, LLC.

v.

JIM R. SMITH,
Appellant.


_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 08-05507)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted Under Third Circuit LAR 34.1(a)
June 11, 2010
_____

Before:  AMBRO, CHAGARES, and GREENAWAY, JR., Circuit Judges

(Opinion Filed: August 2, 2010)
_____

OPINION
_____

GREENAWAY, JR., Circuit Judge

Jim R. Smith ("Smith") appeals from the United States District Court for the

Eastern District of Pennsylvania's confirmation of an arbitration award in favor of Paul

Green School of Rock Music Franchising, LLC ("School of Rock") on the ground that the arbitrator's award constituted manifest disregard of the law. For the reasons explained below, we will affirm the District Court's decision.

## I. BACKGROUND

We write solely for the parties and recount only the essential facts.

This dispute arises out of a music franchise Smith purchased from School of Rock. The franchise agreement (the "Agreement") between the parties included an arbitration clause, which provided that disputes, claims, or controversies relating to the Agreement that could not be resolved by mediation would be settled by arbitration conducted by the American Arbitration Association ("AAA") in Philadelphia. The Agreement also stated that it shall be interpreted and construed exclusively under the laws of the Commonwealth of Pennsylvania.

School of Rock submitted to the AAA a demand for arbitration. In the demand, School of Rock claimed that Smith did not properly report his royalties to School of Rock. On March 12, 2008, Smith filed, in the United States District Court for the Central District of California, a motion to compel arbitration in California. The grounds of the motion were that the forum-selection and choice-of-law provisions in the arbitration clause of the Agreement are unenforceable because they are unconscionable under California law.

2

On May 5, 2008, the United States District Court for the District of California issued an opinion and order denying Smith's motion. Smith v. Paul Green Sch. of Rock Music Franchising, LLC (School of Rock I), No. CV 08-00888, 2008 WL 2037721 (C.D. Cal. May 5, 2008). The court held that the forum selection and choice of law provisions of the Agreement are enforceable, but noted that its holding was "contingent" on Smith's ability "to pursue his [California Franchise Investment Law] rights and remedies during arbitration in the Pennsylvania forum." Id. at *5. The court further prohibited School of Rock from taking "a position before the arbitrator that would be inconsistent with the representations made here in seeking enforcement of forum selection and choice of law provisions." Id. The relevant representation School of Rock made was that "Smith's rights under the [California Franchise Investment Law] will not be diminished by enforcement of arbitration in Pennsylvania." Id.

On April 1, 2008, School of Rock filed an amended demand for arbitration with the AAA in Philadelphia. School of Rock sought an injunction, an award of money damages, and attorney's fees and costs. Smith answered School of Rock's claims, and filed counterclaims, pursuant to the California Franchise Investment Law ("CFIL"). The parties filed pre-arbitration briefs on July 31, 2008. In its pre-arbitration brief, School of Rock addressed substantively Smith's CFIL counterclaims, in accord with School of Rock I.[1]

_____

[1] Smith does not argue that School of Rock violated the terms of School of Rock I.

3

On November 18, 2008, the arbitrator issued his award. First, the arbitrator found that Smith breached the Agreement, and required Smith to pay $401,748 to School of Rock.[2] Second, the arbitrator dismissed Smith's CFIL counterclaims. Third, the arbitrator enforced the Agreement's post-termination restrictive covenant, which provided:

> The Respondent shall not, for a continuous uninterrupted period of two (2) years commencing upon the date hereof, either directly or indirectly, for itself, or through, on behalf of, or in conjunction with any person or legal entity, own, maintain, operate, engage in, be employed by, provide assistance to, or have any interest in (as owner or otherwise) any business that (a)(1) is substantially similar to a Paul Green School of Rock school; or (ii) offers or sells services that are the same as or similar to the services being offered by the Franchised Business under the System, including but not limited to, music instruction or live music performances; and (b) is, or is intended to be, located at or within:
>
> > 17.3.1  Agoura Hills, California;
> > 17.3.2  Ten (10) miles of Agoura Hills, California; or
> > 17.3.3  Ten (10) miles of any business operating under the Paul Green School of Rock Music System and the Proprietary Marks.

On November 21, 2008, School of Rock filed a motion to confirm the arbitration award, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, in the District Court for the Eastern District of Pennsylvania.[3] On January 12, 2009, Smith filed an

---

[2]  The arbitrator also ordered that Smith shall pay all costs associated with the arbitration proceeding.

[3]  Section 9 of the FAA provides, in pertinent part:

answer and affirmative defenses to School of Rock's motion. Among other arguments, Smith asserted that the arbitrator showed a manifest disregard of the law by (a) ignoring the CFIL, and (b) enforcing the Agreement's post-termination restrictive covenant, which violates the California Business and Professional Code.

In an opinion issued on February 17, 2009, the District Court granted School of Rock's motion to confirm the arbitration award. Paul Green Sch. of Rock Music Franchising, LLC v. Smith (School of Rock II), No. 08-cv-5507, 2009 WL 426175 (E.D. Pa. Feb. 17, 2009). On May 12, 2009, the District Court granted School of Rock's motion for judgment, ordered Smith to pay a money judgment of $416,193.00 plus interest to School of Rock, and enforced the Agreement's post-termination restrictive covenant. Smith appeals School of Rock II, arguing that the arbitrator's dismissal of Smith's CFIL counterclaims and enforcement of the post-termination restrictive covenant constitute manifest disregard of the law.

## II. JURISDICTION AND STANDARD OF REVIEW

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

The District Court had subject matter jurisdiction, pursuant to 9 U.S.C. § 9.

Section 9 provides that an application to confirm an arbitrator's award "may be made by

the United States court in and for the district within which the award was made." The

award was issued in Philadelphia. This Court has jurisdiction over the appeal, pursuant to

28 U.S.C. § 1291, because the District Court issued a final decision disposing of all

parties' claims. In reviewing a district court's order confirming an arbitration award, we

review that court's factual findings for clear error, and its legal conclusions *de novo*.

China Minmetals Materials Imp. & Exp. Co., Ltd. v. Chi Mei Corp., 334 F.3d 274, 278

(3d Cir. 2003) (citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 947-48

(1995)).

### III.  ANALYSIS

Section 10 of the FAA provides the limited grounds on which a district court may

vacate an arbitration award: [4]

---

[4]  Smith states the issue as whether "the arbitrator's award constitutes a manifest
disregard for the law under Title 9 U.S.C. § 11." (Appellant's Br. at 1.) Smith, however,
asks this Court to vacate, not modify, the arbitrator's award. (See Appellant's Br. at 19
("For the foregoing reasons, Jim R. Smith prays this Court vacate the February 17, 2009
Order and May 12, 2009 Judgment in Paul Green's favor and against Jim R. Smith.").)
Vacatur is properly sought under § 10—not § 11, which addresses award modification.
Further, we have applied the manifest disregard doctrine only in the context of § 10
motions to vacate, and not in the context of § 11 motions to modify. See Dluhos v.
Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) ("the judicially created 'manifest disregard of
the law' standard allows a district court to vacate an arbitration award"); Local 863 Int'l
Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Jersey Coast Egg
Producers, Inc., 773 F.2d 530, 533 (3d Cir. 1985) ("An award may be set aside only in
limited circumstances, for example, where the arbitrator's decision evidences manifest
disregard for the law rather than an erroneous interpretation of the law." (citing Wilko v.

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

Smith appeals the District Court's confirmation of the arbitrator's decision on the ground that the decision constitutes manifest disregard of the law. This Court has not yet addressed whether manifest disregard of the law remains a valid ground for vacating an arbitration award under the FAA, in the wake of the Supreme Court's decision in Hall Street Assoc., L.L.C. v. Mattel, Inc., 552 U.S. 576 (2008).[5] Prior to Hall Street, this

_____

Swan, 346 U.S. 427, 436 (1953))). Thus, we construe Smith's argument as one seeking vacatur of the arbitrator's award. See also School of Rock II, 2009 WL 426175, at *3 (construing as a motion to vacate Smith's opposition to School of Rock's motion to confirm the arbitrator's award).

[5] In Hall Street, the Supreme Court considered whether the FAA's "grounds for prompt vacatur and modification may be supplemented by contract." 522 U.S. at 578. The Court held that the statutory grounds established in the FAA for prompt vacatur and modification are exclusive. Id. at 580. In so holding, the Court addressed the argument that "expandable judicial review authority has been accepted as the law since Wilko v. Swan," in which the Court stated that "the interpretations of the law by the arbitrators in contrast to manifest disregard [of the law] are not subject, in the federal courts, to judicial review for error in interpretation." Id. at 584 (modification in original) (quoting Wilko v. Swan, 346 U.S. 427, 436-37 (1953)). In Hall Street, the party requesting vacatur argued that, under Wilko, judges can add grounds to vacate an arbitrator's decision, and that parties should also be able to add grounds for vacatur by agreement. Id. at 585. The Court disagreed:

Court, along with each of our sister circuits, had held that an arbitrator's decision may be vacated on the ground that the arbitrator exhibited manifest disregard for the law. See Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir. 2003) ("A district court may also vacate an arbitrator's decision where the arbitrator's decision 'evidence[s] a manifest disregard for the law rather than an erroneous interpretation of the law.'" (modification in original) (quoting Local 863 Int'l Bhd. Of Teamsters v. Jersey Coast Egg Producers, Inc., 773 F.2d 530, 534 (3d Cir. 1985))); Citigroup Global Markets, Inc. v. Bacon, 562 F.3d 349, 353-54 & 353 n.3 (5th Cir. 2009) (listing recognition of the manifest disregard doctrine by each circuit court of appeals).

---

[T]his is too much for Wilko to bear. Quite apart from its leap from a supposed judicial expansion by contract, Hall Street overlooks the fact that the statement it relies on expressly rejects just what Hall Street asks for here, general review for an arbitrator's legal errors. Then there is the vagueness of Wilko's phrasing. Maybe the term "manifest disregard" was meant to name a new ground for review, but maybe it merely referred to the § 10 grounds collectively, rather than adding to them. Or, as some courts have thought, "manifest disregard" may have been shorthand for § 10(a)(3) or § 10(a)(4), the paragraphs authorizing vacatur when the arbitrators were "guilty of misconduct" or "exceeded their powers."

Id. The Court did not, however, clearly state whether "manifest disregard" survived as a judicial, rather than as a contractual, ground for vacatur. See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., No. 08-1198, --- U.S. ----, 2010 WL 1655826, at *7 n.3 (2010) ("We do not decide whether 'manifest disregard' survives our decision in Hall Street [] as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth at 9 U.S.C. § 10.").

In the wake of Hall Street, a circuit split has emerged regarding whether manifest disregard of the law remains a valid ground for vacatur.[6] This Court has not yet entered that debate. See Bapu v. Choice Hotels Int'l Inc., No. 09-1011, 2010 WL 925985, at *3 (3d Cir. Mar. 16, 2010) ("While our sister circuits are split on this question [of whether manifest disregard of the law by an arbitrator would continue to exist as an independent basis for vacatur], we have yet to rule on it."); Andorra Servs. Inc. v. Venfleet, Ltd., 355 F. App'x 622, 627 (3d Cir. 2009) ("Whether [manifest disregard of the law] continues to exist today as an independent, viable ground for vacatur [is] an issue we need not decide, [because] this case does not evidence one of those extremely narrow circumstances supporting an issue to vacate." (citation and internal quotation marks omitted)). Based on the facts of this case, we need not decide whether manifest disregard of the law remains, after Hall Street, a valid ground for vacatur.

---

[6] On one hand, the Second and Ninth Circuits have held that manifest disregard survives Hall Street as a valid ground for vacatur, because arbitrators who exhibit manifest disregard for the law have "exceeded their powers" under 9 U.S.C. § 10(a)(4). Comedy Club Inc. v. Improv W. Assocs., 553 F.3d 1277, 1290 (9th Cir. 2009); Stolt-Nielsen SA v. AnimalFeeds Int'l Corp., 548 F.3d 85, 93-95 (2d Cir. 2008), overruled on other grounds, No. 08-1198, --- U.S. ----, 2010 WL 1655826 (2010); see also Coffee Beanery, Ltd. v. WW, L.L.C., 300 F. App'x 415, 418-19 (6th Cir. 2008) (holding, in an unpublished opinion, that manifest disregard survives Hall Street as a non-statutory ground for vacatur). On the other hand, the Fifth and Eleventh Circuits have held that manifest disregard of the law is no longer a valid ground for vacatur post-Hall Street. Frazier v. CitiFinancial Corp., LLC, Nos. 08-15188, 08-1056, 08-15709, --- F.3d ----, 2010 WL 1727446, at *10 (11th Cir. April 30, 2010); Citigroup Global Markets, 562 F.3d at 357; see also Ramos-Santiago v. United Parcel Serv., 524 F.3d 120, 124 n.3 (1st Cir. 2008) (stating, in dictum, that manifest disregard is no longer a valid ground for vacating or modifying an arbitral award).

Before Hall Street, this Court held that an arbitrator's award "may be set aside only in limited circumstances, for example, where the arbitrator's decision evidences manifest disregard for the law rather than an erroneous interpretation of the law." Local 863, 773 F.2d at 533 (citing Wilko, 346 U.S. at 436); see also Dluhos, 321 F.3d at 370; Metromedia Energy, Inc. v. Enserch Energy Servs., Inc., 409 F.3d 574, 578 (3d Cir. 2005). "The court may not reevaluate supposed inconsistencies in the arbitrator's logic or review the merits of the arbitrator's decision." Local 863, 773 F.2d at 534. Rather, as the Second Circuit explained in Stolt-Nielsen, the party seeking to vacate an arbitrator's decision on the ground of manifest disregard of the law must demonstrate that the arbitrator (1) knew of the relevant legal principle, (2) appreciated that this principle controlled the outcome of the disputed issue, and (3) nonetheless willfully flouted the governing law by refusing to apply it. 548 F.3d at 95.

Smith contends that the District Court erred by confirming the arbitrator's award because the arbitrator failed to consider Smith's claims made pursuant to the CFIL, as required by School of Rock I. Specifically, Smith argues that School of Rock materially misrepresented that it taught music to its students, when students are not provided instruction by School of Rock on how to read or write music; and that it had a rock music curriculum, when the curriculum merely consisted of songs that School of Rock thought "cool," without any correlation to skill level or technique. Smith also asserts that School

of Rock provided different terms in the Agreement than those provided to him at least fourteen days prior to its execution.

The District Court found that "the arbitrator specifically dismissed counterclaims that Smith made pursuant to [the] CFIL." School of Rock II, 2009 WL 426175, at *3.

> The briefs supplied to the arbitrator by both the plaintiff and the defendant fully argued the counterclaims presented under CFIL; [School of Rock] did not argue that the CFIL claims should not be heard, but simply argued against them. Clearly, the arbitrator was aware of the CFIL claims and the arguments on both sides. Within his award the arbitrator specifically notes that he dismissed Smith's counterclaim, i.e. his CFIL claims. There is no evidence that the arbitrator consciously chose to ignore principle. [School of Rock] provided factual and legal argument against Smith's CFIL claims and the arbitrator clearly ruled in favor of [School of Rock].

Id. (citations omitted). These findings are uncontested by Smith, and refute his contention that the arbitrator ignored his CFIL counterclaims.

Smith also argues that the arbitrator erroneously applied the law to these facts. Our case law makes clear that an arbitrator will not be found to have manifestly disregarded the law for alleged errors in its application. Local 863, 773 F.2d at 534. We agree with the District Court that the arbitrator did not manifestly disregard the law regarding Smith's CFIL counterclaims.

Finally, Smith argues that the arbitrator's decision to enforce the post-termination restrictive covenant against Smith constitutes manifest disregard of both California and Pennsylvania law. Smith's primary argument is that California Business and Professions Code § 16600—which is not part of the CFIL and was not addressed by the District Court

11

in School of Rock I—invalidates the Agreement's restrictive covenant, and that the arbitrator's decision to enforce the covenant thereby constitutes manifest disregard of the law. Section 16600 states: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

The District Court concluded that School of Rock I did not require the arbitrator to apply California law in this instance:

> While [the] CFIL [] was to be applied based on a choice of law analysis and representations made in the Central District of California Court by [School of Rock], the choice of law provision for Pennsylvania law was still held valid and enforceable in all other respects. Thus, this Court will not independently presume that California Business & Professions Code should have been applied by the arbitrator.

School of Rock II, 2009 WL 426175, at *3. The District Court need not have determined that Pennsylvania law applies to the restrictive covenant. Rather, it would have been enough to find that the arbitrator did not willfully flout known, governing law in reading School of Rock I to hold that California law does not apply to the restrictive covenant. Local 863, 773 F.2d at 533. Here, the arbitrator plainly did not willfully flout known, governing law, because, as the District Court observed, section 16600 is not part of the CFIL.[7]

---

[7] The District Court further held that, even if section 16600 applied, it would still confirm the arbitrator's decision because School of Rock provided factual and legal support for the proposition that section 16600 does not apply to the usurpation of trade secrets. School of Rock II, 2009 WL 426175, at *3. School of Rock alleged that Smith usurped trade secrets. See id. Here, too, we concur with the District Court's analysis.

12

Alternatively, Smith argues that the restrictive covenant is invalid under Pennsylvania law. The District Court concluded that the non-compete provision is valid under Pennsylvania law. School of Rock II, 2009 WL 426715, at *3 (citing Piercing Pagoda, Inc. v. Hoffman, 351 A.2d 207 (Pa. 1976)). Piercing Pagoda upheld a restrictive covenant in the context of a franchisee/franchisor relationship. Piercing Pagoda, 351 A.2d at 211 (holding that a restrictive covenant will be upheld where a franchisor has a protectable interest in the sale of his franchise). As previously noted, the District Court need not have determined that Pennsylvania law permits restrictive covenants of the type at issue here. It is enough for a court to determine that, as was true in this case, an arbitrator's decision was not a willful flouting of known, governing law. Local 863, 773 F.2d at 533.

## IV.  CONCLUSION

For the foregoing reasons, we will affirm the District Court's confirmation of the arbitrator's decision.