**HUSSEIN MUSTAFA d/b/a FASHION PALACE DEPARTMENT STORE, Plaintiff**

**v.**

**AMORE ST. JOHN, LLC, Defendant**

Case No. ST-12-CV-473

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

March 4, 2013

RONALD W. BELFON, ESQ., Law Offices of Ronald W. Belfon, P.C., St. Thomas, USVI, *For the Plaintiff.*

CHRISTOPHER ALLEN KROBLIN, ESQ., Kellerhals, Ferguson, Fletcher, Kroblin, LLP, St. Thomas, USVI, *For the Defendant.*

DUNSTON, *Judge*

## MEMORANDUM OPINION

(March 4, 2013)

Plaintiff filed a Complaint on August 31, 2012, seeking to vacate a July 24, 2012, arbitrator's award. Defendant answered and filed a counterclaim on September 14, 2012, seeking enforcement of the arbitration award.[1] For the following reasons, Plaintiff's Complaint will be dismissed with prejudice and the arbitration award will be confirmed.

## FACTUAL AND PROCEDURAL HISTORY

The original arbitration arose out of a dispute under two lease agreements signed by Plaintiff Hussein Mustafa, the tenant and sole proprietor of a retail store Fashion Palace Department Store located on the leased premises, and Defendant Amore St. John, LLC, the landlord. Defendant sought to recover rent unpaid between the months of April 2006 to May 2012 and remove Plaintiff from the premises for his alleged default under the leasing agreements. Plaintiff counterclaimed alleging Defendant's failure to repair the premises caused Plaintiff damages to his merchandise, reputation, and sales. Plaintiff further alleged Defendant attempted to "constructively evict" Plaintiff.

---

[1] Plaintiff initially sought a preliminary injunction to prevent Plaintiff from being evicted pending the resolution of this matter. However, following an initial hearing at which (1) Plaintiff agreed to pay rent while occupying the premises; and (2) Defendant indicated that he would file a counterclaim to seek enforcement of the arbitrator's award rather than pursue a forcible entry and detainer action, the petition for a preliminary injunction was rendered moot. Order, September 7, 2012. Defendant moved for confirmation of the award in their September 14, 2012 Answer and Counterclaim, and submitted a supplemental brief on October 12, 2012. Plaintiff also filed a brief in support of his Motion to Vacate and Motion for Declaratory Judgment on October 12, 2012. Both parties responded in additional supplemental briefs on November 13, 2012. On December 6, 2012, the Court ordered the parties to submit additional briefs on Plaintiff's Motion to Vacate. Both parties submitted briefs on January 11, 2013. Defendant responded to Plaintiff's January 11, 2013 brief on January 25, 2013. Plaintiff filed an additional brief on January 16, 2012, outlining admissible evidence in support of Plaintiff's allegations that the requirements of 28 V.I.C. § 292 had been met, to which Plaintiff responded on January 25, 2013.

77

The arbitrator found for Defendant and awarded Defendant Forty-seven thousand six hundred dollars ($47,600.00) in unpaid rent[2] through July 2012 for alleged default under the two leases;[3] ordered Plaintiff to quit the premises by August 31, 2012; awarded Defendant Nine thousand seven hundred fifty dollars ($9,750.00) in attorney's fees; and ordered Plaintiff to pay for all the administrative and arbitrator's fees in the total amount of Ten thousand seven hundred twenty dollars ($10,720.00).

## STANDARD

■ The applicable standard for determining a motion to vacate an arbitration award is far from clear in the Virgin Islands considering the United States Supreme Court's recent holding in *Hall Street Associates v. Mattel*[4] and presents this Court with what appears to be an issue of first impression. On the one hand, under the statutory authority of Section 10(a) of the Federal Arbitration Act (FAA), which is clearly applicable to the Virgin Islands,[5] a motion to vacate an arbitrator's award may only be granted under the following limited circumstances:[6]

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

---

[2] To offset Three thousand four hundred dollars ($3,400.00) owed by Defendant to Plaintiff, the arbitrator found that Defendant did not owe rent for the month of August 2012.

[3] The first lease, dated July 1, 1999, was for an initial term of ten (10) years, but was extended for an additional (5) years to expire on July 31, 2014 under the "option" provision of the leasing agreement, for the premises located on No. 257 Estate Contant and Enighed, St. John, United States Virgin Islands, at a monthly rental rate of Two Thousand Five Hundred Dollars ($2,500.00) per month. The second lease, dated December 1, 1999, for an initial term of ten (10) years, was extended for an additional Ten (10) years to expire on December 31, 2019 under the "option" provision of the leasing agreement, for the premises located on No. 256 Contant Enighed, St. John, United States Virgin Islands, at a monthly rental rate of Nine Hundred Dollars ($900.00) per month. Otherwise, the lease provisions are essentially identical.

[4] 552 U.S. 576, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008).

[5] The FAA is applicable to the Virgin Islands simultaneously "through the RESTATEMENT (SECOND) OF CONTRACTS § 345(f), made applicable through section 4 of title 1 of the Virgin Islands Code, and section 2 of the FAA." *World Fresh Market v. P.D.C.M. Assocs.*, 2011 V.I. Supreme LEXIS 29, at *4 (V.I. Aug. 25, 2011) (holding that certain procedural considerations under FAA's Section 16 do not preempt state or local statutes).

[6] *Hall Street Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008).

■

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.[7]

Prior to the *Hall Street* decision, the Third Circuit interpreted Section 10(a)[8] to mean that an arbitrator's award should be vacated only "where the arbitrator's decision evidences *manifest disregard for the law* rather than an erroneous interpretation of the law."[9] Thus, while "a trial court is not to simply 'rubber stamp' an arbitrator's decision,"[10] the decision may only be

---

[7] 9 U.S.C. §10(a).

[8] Currently, post-*Hall Street*, the Circuits are split on whether "manifest disregard of the law" is either (1) an "umbrella term" interpreting all of the FAA's Section 10(a); or (2) a judicial interpretation of Section 10(a)(4), "where the arbitrators exceeded their powers;" or (3) an entirely separate judicially-created standard of review. *See Paul Green School of Rock Music Franchising, LLC. v. Smith*, 389 Fed. Appx. 172, 177 n.6 (3d Cir. 2010) (discussing the circuit split); *Andorra v. Serv. Inc. v. Venfleet, Ltd.*, 355 Fed. Appx. 622 (3d Cir. 2009); *Tenet HealthSystem Philadelphia, Inc. v. Rooney*, 2012 U.S. Dist. LEXIS 116280, *8 (E.D. Pa. Aug. 17, 2012) ("[T]he Supreme Court suggested, without deciding, that the judicially created 'manifest disregard of law' ground for vacatur may be properly considered only as a judicial gloss on the statutory grounds and that it is not an independent basis for vacatur."). *See also Gov't of the Virgin Islands v. United Indus., Serv. Transp., Prof'l and Gov't Workers of N. Am. Seafarers Int'l Union*, 57 V.I. 649, 656 n.3 (V.I. 2012).

[9] *Paul Green*, 389 Fed. Appx. at 175 n.4 (emphasis added) (*citing Local 863 Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of Amer. v. Jersey Coast Egg Producers, Inc.*, 773 F.2d 530 (3d Cir. 1985)); *see Rite Aid New Jersey, Inc. v. United Food Commercial Workers Union, Local 1360*, 449 Fed. Appx. 126 (3d Cir. 2011).

[10] *Gov't of the Virgin Islands v. United Indus., Serv. Transp., Prof'l and Gov't Workers of N. Am. Seafarers Int'l Union*, 55 V.I. 440, 449 (V.I. Super. Ct. 2011), *rev'd on other grounds at* 57 V.I. 649, 656 n.3 (V.I. 2012). In a recent Superior Court decision, *Gov't of the Virgin Islands v. United Indus., Serv. Transp., Prof'l and Gov't Workers of N. Am. Seafarers Int'l Union*, the Court stated that all the arbitrator's legal conclusions should be reviewed *de novo*, while all factual conclusions should be upheld unless either (1) they were outside of the scope of arbitration or (2) the "award's essence" does not grow out of the agreement. *United Indus. Serv. Transp.*, 55 V.I. at 449 ("the award should only be vacated if there is no support in the record for the arbitrator's determination or if the arbitrator demonstrates a manifest disregard for the agreement entirely unsupported by principles of contract construction"). This misstates the widely-accepted standard under the pre-*Hall Street* application of "manifest dis-

vacated under the "manifest disregard of the law" standard where the moving party demonstrates the following three-part test: "the arbitrator (1) knew of the relevant legal principle, (2) appreciated that this principle controlled the outcome of the disputed issues, and (3) nonetheless willfully flouted the governing law by refusing to apply it."[11]

However, *Hall Street* held that the Section 10(a) is the "exclusive basis" upon which to vacate an award under the FAA, and therefore some lower courts have held that "manifest disregard for the law" is no longer a viable standard under the FAA.[12] Most recently, the Court of Appeals for the Third Circuit, in *Sutter v. Oxford Health Plans, LLC*, suggested instead that an arbitrator exceeds his power under the FAA's Section 10(a)(4) *only* "when he decides an issue not submitted to him, grants relief in a form that cannot be rationally derived from the parties' agreement and submissions, or issues an award that is so completely irrational that it lacks support altogether."[13] The *Sutter* Court did not discuss "manifest disregard of the law," and rather focused on the scope

---

regard of the law" standard, which not only allows substantial deference on factual determinations, but to legal conclusions as well. *De novo* review is the appropriate standard at the appellate level to review a lower court's legal conclusions. *See Envtl. Indus. Servs. Corp. v. Souders*, 304 F. Supp. 2d 599, 601 (D. Del. 2004) ("Manifest disregard is found where the record indicates that the arbitrator recognized applicable law and consciously chose to ignore it."); *Popkave v. John Hancock Distrib. LLC*, 768 F. Supp. 2d 785 (E.D. Pa. 2011) ("In order to overturn an arbitral decision for excess of power on the part of the arbitrators, pursuant to the Federal Arbitration Act, the terms of the award must be completely irrational, in other words, the arbitrators' decision must escape the bounds of rationality and be entirely unsupported by the record."); *see generally* 136 A.L.R. Fed. 183.

[11] *Paul Green*, 389 Fed. Appx. at 177 (*citing Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 548 F.3d 85, 95 (2d Cir. 2008), *rev'd on other grounds at* 559 U.S. 662, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (2010)).

[12] *See, e.g., Citigroup Global Markets Inc. v. Bacon*, 562 F.3d 349, 350 & 355-58 (5th Cir. 2009) ("[M]anifest disregard of the law is no longer an independent ground for vacating arbitration awards under the FAA."); *Medicine Shoppe Int'l, Inc. v. Turner Investments, Inc.*, 614 F.3d 485, 489 (8th Cir. 2010).

[13] 675 F.3d 215, 220 (3d Cir. 2012) ("By contractually restricting the issues they will arbitrate, the individuals with whom they will arbitrate, and the arbitration procedures that will govern, parties to an arbitration agreement may place limits upon the arbitrator's powers that are enforceable by the courts. . . . But when the arbitrator 'strays from interpretation and application of the agreement and effectively "dispenses his own brand of industrial justice," ' he exceeds his powers and his award will be unenforceable.") (internal citations omitted). The United States Supreme Court granted certiorari on December 7, 2012, but only to resolve the circuit split on the arbitrator's scope of authority to authorize class arbitration.

of an arbitrator's authority based on the contractual agreement between the parties and "rationality" of the award.[14]

On the other hand, in *dicta* the Supreme Court in *Hall Street* also noted that the FAA is not necessarily the exclusive remedy for parties seeking to vacate or modify an arbitration award, and courts "may contemplate enforcement under state statutory or common law . . . where judicial review of different scope is arguable."[15] The Supreme Court of the Virgin Islands in *Government of the Virgin Islands v. United Industrial* did not reach the issue of whether the FAA Section 10(a) is the exclusive remedy for parties seeking to vacate an arbitration award or if Virgin Island's common law may be applied.[16]

---

[14] Prior to *Hall Street*, Virgin Islands precedent held that an arbitration award may be vacated "if the award is ambiguous, or otherwise incomplete or contradictory." *Gov't of V.I. v. Bouton*, 792 F. Supp. 420, 27 V.I. 200, 214 (D.V.I. 1992). Because this standard is not substantially different from *Sutter*'s most recent interpretation of Section 10(a)(4) under which an arbitration award may be vacated where "a mutual, final, and definite award upon the subject matter submitted was not made" or the arbitrator "issues an award that is so completely irrational that it lacks support altogether," the Court will treat this precedent as a means of interpreting the FAA's Section 10(a)(4). *See* 9 U.S.C. § 10(a)(4); *Sutter*, 675 F.3d at 220.

[15] *Hall Street Assoc.*, 552 U.S. at 578 (noting that since Section 10(a) of the FAA lists the exclusive bases on which an arbitration award may be vacated, parties may not expand upon them through a contractual agreement). *Cf. Gov't of the VI v. United Indus. Workers, N.A., Seafarers Int'l Union of N. Am, AFL-CIO*, 169 F.3d 172, 178, 40 V.I. 489 (3d Cir. 1999) (holding that the writ of review statute, 5 V.I.C. §§ 1421-23, read in conjunction with 24 V.I.C. § 383 does not give the Superior Court jurisdiction to review a private arbitrator's decision, unless the government itself is the arbitrating body).

[16] *Gov't of the Virgin Islands v. United Indus., Serv. Transp., Prof'l and Gov't Workers of N. Am. Seafarers Int'l Union*, 57 V.I. 649, 656 n.3 (V.I. 2012). In *Government of the Virgin Islands v. United Industrial*, the standard of review the Supreme Court of the Virgin Islands employed in ruling that an arbitrator erred when he reinstated an Assistant Attorney General pursuant to the collective bargaining agreement does not provide adequate guidance to this Court in this matter. The Supreme Court held that the discharge grievance procedure in the collective bargaining agreement was invalid because it was inconsistent with Virgin Islands law, but so ruled because it found that the issue was not "substantively arbitrable." For this proposition, the Supreme Court cited *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943, 948, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995), which simply established a clear standard that a reviewing court has the power to review *de novo* as a matter of law whether an agreement to arbitrate exists between the two parties applying ordinary principles of contract construction. ("[T]he court should give considerable leeway to the arbitrator, setting aside his or her decision only in certain narrow circumstances. . . . If, on the other hand, the parties did not agree to submit the arbitrability question itself to arbitration, then the court should decide that question just as it would decide any other question that the parties did not submit to arbitration, namely, independently.") *See also Price v. NCR Corp.*, 908 F. Supp. 2d 935 (N.D.

■ In view of *Hall Street*'s *dicta*, in addition to the "manifest disregard of the law" standard, Virgin Islands precedent has held that an arbitration award may also be vacated if the award violates established "public policy."[17] An arbitration award violates public policy only when it "explicitly conflicts with well-defined, dominant public policy . . ."[18] "as ascertained by reference to positive law and not from general considerations of supposed public interests."[19] Thus, this Court will assume, without deciding, that the common law standards, including "manifest disregard of the law" and "public policy" survive *Hall Street*.[20]

■ Despite this uncertainty of the applicability of the Virgin Islands common law standards, the standards of review under either application of the statutory or common law standards are intended to be "exceedingly

---

Ill. 2012) ("An arbitrator's decision on a motion to vacate, such as those in *Sutter* . . . is reviewed with a higher degree of deference than an initial determination of whether an arbitrator has the authority to make the decision in the first instance.") *First Options* did not, as the Supreme Court seems to suggest, hold that either (1) an agreement that violates statutory law or public policy of a jurisdiction, or (2) an arbitrator's subsequent erroneous interpretation of statutory law should be subject to a *de novo* standard of review. A contractual provision which is invalid because it conflicts with well-established Virgin Islands statutory law that is subsequently incorrectly interpreted by an arbitrator as a valid provision could also be reviewable through a motion to vacate, under the "manifest disregard of the law" or "public policy" standards, or now under the *Sutter* considerations. Thus, clarification on which standard is applicable would be extremely instructive in guiding the future decisions of the Superior Court because here, as was the case in *United Industrial*, the question is not whether a valid agreement to arbitrate arbitrability existed.

[17] *United Indus. Serv. Transp.*, 55 V.I. at 454. An older Virgin Islands case also states that an arbitration award may be vacated where the award is "arbitrary and capricious." *Dept. of Housing & Cmty. Renewal v. United Indus. Serv.*, 23 V.I. 333, 336 (Terr. Ct. 1988) ("Whether the arbitrator has performed his contractual duty and not issued an arbitrary and capricious award depends on the fulfillment of three requirements: (1) the dispute must be 'arguably arbitrable;' (2) the arbitral decision must draw its essence from the collective bargaining agreement; and (3) enforcement of the award by the court must not result in the violation of public policy.").

[18] *United Indus. Serv. Transp.*, 55 V.I. at 455 (internal citations omitted) (noting that the moving party bears the burden of proving that the arbitration decision violates public policy).

[19] *Extendicare Health Serv. Inc. v. District 1199P, Serv. Employees Int'l Union, AFL-CIO*, 532 F. Supp. 2d 713, 717 (M.D. Pa. 2006); *see United Indus. Serv. Transp.*, 55 V.I. at 455.

[20] *See CD & L Realty, LLC v. Owens Illinois, Inc.*, 2012 U.S. Dist. LEXIS 137118, *8 (D.N.J., Sept. 25, 2012) ("In addition to the four statutory bases for vacating an arbitration award, there are three common law grounds for vacatur: 1) an arbitrator's manifest disregard for the law, as opposed to a legal error; 2) if the award is completely irrational; and 3) if the award is contrary to public policy.").

narrow" and deferential to the arbitrator's award in order to encourage the arbitration of disputes.[21]

## DISCUSSION

While Plaintiff generally argues under every possible statutory and common law standard of review in his motion to vacate and subsequent briefs, his basic argument rests upon the assertion that the arbitrator exceeded his authority because he erred in both his factual and legal determinations. As a result, Plaintiff asserts the resulting arbitration award was outside of the scope of the contract provisions and was "illogical."[22] Specifically, Plaintiff contends that the arbitrator exceeded his authority by (1) failing to find that Defendant, in an attempt to constructively evict Plaintiff, did not abide by the implied warranty of habitability, and that Plaintiff was thereby entitled to withhold rent after proper notice to Defendant; and (2) "by ordering the immediate reentry by Defendant onto Plaintiff's leased premises," the arbitrator violated protections afforded lessees under 28 V.I.C § 292.[23] In the alternative, Plaintiff seeks a declaratory judgment that Plaintiff is entitled to resume the leases for the remainder of the their terms in accordance with the provisions of 28 V.I.C. § 292.

The Court will address each of Plaintiff's arguments in turn under the various standards of review. Generally, Plaintiff's arguments fail because Plaintiff does not articulate any adequate legal or factual basis for the Court to vacate the award.

### I. Manifest Disregard of the Law

██ Plaintiff does not meet his burden under the "manifest disregard of the law" standard of review because there is no evidence that the arbitrator "willfully flouted the governing law."[24]

---

[21] *Thompson v. World Fresh Market*, 2011 WL 3855761, at *2 (V.I. Super. Ct. July 15, 2011); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Clemente*, 272 Fed. Appx. 174, 177 (N.J. 2008); *see Sutter*, 675 F.3d at 219 ("[M]indful of the strong federal policy in favor of commercial arbitration, we begin with the presumption that the award is enforceable.").

[22] Plaintiff's Response Brief to Defendant's Brief Regarding Enforcement of Award of Arbitration, Nov. 1, 2012, at page 6.

[23] Plaintiff's Brief, Oct. 12, 2012, at page 5.

[24] *Paul Green*, 389 Fed. Appx. at 177.

## A. The arbitrator did not "willfully flout" or even erroneously interpret Virgin Islands law governing the implied warranty of habitability of leased premises and a tenant's right to withhold rent.

Applying the "manifest disregard of the law" three-part test, the arbitrator was clearly "aware of" and "appreciated" the law governing landlord-tenant relations in the Virgin Islands, including the implied warranty of habitability, because he cited appropriate provisions of the Restatement (Second) of Property (Landlord and Tenant).[25] Specifically, the arbitrator referred to § 5.4 regarding remedies available to parties when an unsuitable condition arises after the tenant takes possession of the property and § 11.3 regarding the ability of the tenant to withhold rent.[26] The arbitrator found that "at no time did . . . [Defendant's] construction project . . . ever make it unsuitable for use as two separate retail stores, [and] . . . [a]s such, no rent withholding is warranted."[27]

However, Plaintiff has failed to satisfy the third prong of the three-part test, because the arbitrator clearly did not "willfully [flout] the governing law by refusing to apply it."[28] By applying the applicable legal standard, the arbitrator determined that Plaintiff did not comply with § 11.3 because he did not give proper notice to Defendant nor did Plaintiff placed the withheld rent in escrow.[29] In fact, Plaintiff has provided no evidence which shows that the arbitrator even erroneously applied the law, and instead, merely attempts to challenge the arbitrator's factual determinations rather than legal conclusions.

## B. The arbitrator did not "willfully flout" the application of 28 V.I.C. § 292.

Again applying the "manifest disregard of the law" three-part test, the arbitrator was "aware of" and "appreciated" 28 V.I.C § 292. Specifically,

---

[25] Defendant's Answer and Counterclaim, Sept. 14, 2012, Exhibit A (Arbitrator's Opinion and Award, July 24, 2012, pages 6-7) [hereinafter "Arbitrator's Opinion and Award"].

[26] Under the Virgin Islands Code, "[t]he rules of the common law, as expressed in the re-statements of law approved by the American Law Institute . . . shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary." 1 V.I.C. § 4.

[27] Arbitrator's Opinion and Award, July 24, 2012, page 7.

[28] *Paul Green*, 389 Fed. Appx. at 177.

[29] Arbitrator's Opinion and Award, July 24, 2012, pages 7-8.

while the arbitrator's award makes no reference to 28 V.I.C. § 292, both parties agree that the arbitrator considered Plaintiff's argument under 28 V.I.C § 292 and ultimately rejected it.[30] However, Plaintiff has again failed to satisfy the third prong of the three-part test because Plaintiff has provided no evidence that the arbitrator "willfully flouted the governing law." Instead, Plaintiff simply contends that the arbitrator's ultimate decision to reject Plaintiff's argument under 28 V.I.C § 292 was an erroneous application of the law, rather than an intentional disregard of the governing law. Further, as is discussed in Section III(C) of this Memorandum Opinion under the *Sutter* standard of review, Plaintiff even fails to show that the arbitrator's application and interpretation of 28 V.I.C § 292 was illogical.

## II. Public Policy

Plaintiff argues that the arbitrator's award violates public policy because the arbitrator ordered the "immediate reentry by Defendant onto Plaintiff's leased premises notwithstanding that Plaintiff's lease terms are ongoing and that Plaintiff tendered or proposed to tender the outstanding rent amounts"[31] in accordance with 28 V.I.C § 292.[32] 28 V.I.C § 292 provides that

> [i]f at any time before judgment . . . [in an action by a landlord against a tenant for nonpayment of rent] the lessee . . . pays to the [landlord] . . . or brings into court the amount of rent then in arrears, with interest, and the costs of the action, and performs the other covenants or agreements on the part of the lessee, he shall be entitled to continue in the possession according to the terms of the lease.

Specifically, Plaintiff argues that the arbitrator's award violates the well-

---

[30] *See* Defendant's Response to Court Order Entered December 10, 2012, Jan. 11, 2013, page 4; Plaintiff's Brief Pursuant to Court Order Entered December 10, 2012, Jan. 11, 2013, pages 5-6 (noting that the Defendant's original arbitration complaint sought a recovery of possession of property and ejectment pursuant to 28 V.I.C § 281 *et seq.*, which includes 28 V.I.C. § 292.)

[31] Plaintiff's Brief, Oct. 12, 2012, at page 5.

[32] *United Indus. Serv. Transp.*, 55 V.I. at 455.

defined, dominant public policy of the Virgin Islands which disfavors "self-help" and "extra-judicial eviction."[33]

 Assuming *arguendo* that 28 V.I.C § 292 is applicable to this case,[34] while the Court agrees that 28 V.I.C § 281 *et seq.*, supports a well-defined, dominant public policy against self-help in the Virgin Islands,[35] the Plaintiff has failed to show that the arbitrator's award violates that public policy. Specifically, as recognized by *Isidor Paiewonsky Associates v. Sharp Properties, Inc.*, 28 V.I.C § 281 *et seq.* "does not establish such actions as the exclusive means for regaining rights to property possession. The use of arbitration toward that end, therefore, is permissible."[36] In other words, a judicial process, such as an FED action, is not the only remedy available to a party where the parties mutually agreed to arbitration.[37] Here, the parties mutually agreed to

---

[33] Plaintiff's Brief Pursuant to Court Order Entered December 10, 2012, Jan. 11, 2013, pages 11-13 ("By fashioning an eviction that would not require an action through this Court the Arbitrator was endorsing self-help and extra-judicial eviction.")

[34] Although the Court does not need to decide whether 28 V.I.C. § 292 applies here because the issue is decided on other grounds, the Court finds that this case is distinct from the holding in *Isidor Paiewonsky Associates v. Sharp Properties, Inc*, 998 F.2d 145, 155-56, 28 V.I. 448 (3d Cir. 1993). In *Paiewonsky*, the Court held that 28 V.I.C § 281 did not impose a *procedural* requirement on arbitration under which parties must be brought before the arbitrator. 28 V.I.C. § 292 is not procedural in nature, and instead addresses a defaulting tenant's ability to redeem a lease prior to "judgment." However, *Paiewonsky* also lucidly points out that arbitration agreements were not contemplated at the time the statute was enacted, and thus 28 V.I.C § 281 *et seq.* must be applied practically and consistent with the FAA's "overarching policy favoring the enforcement of arbitration awards." *Paiewonsky*, 998 F.2d at 155. Thus, the arbitrator is left with the determination of whether a defaulting tenant is entitled to the protections of 28 V.I.C. § 292 or has fulfilled the requirements of 28 V.I.C. § 292.

[35] Further, the Court does not agree with Plaintiff's proposition that 28 V.I.C. § 292 alone demonstrates a well-defined, dominant public policy in the Virgin Islands that a lessee is always guaranteed the right to redeem their default any time prior to a final judgment solely issued by the Court, rather than an arbitrator, notwithstanding the provisions of the leasing agreement. The Plaintiff has not referenced any "positive law" other than the statute itself. 28 V.I.C. § 292 simply reinforces the public policy against self-help, rather than a public policy that specifically supports a right to redeem a tenant's default in all "actions" related to an eviction, regardless of the outcome of arbitration.

[36] *Paiewonsky*, 998 F.2d at 156.

[37] A court holds limited jurisdiction on the adjudication of issues surrounding a lease dispute in an FED action because "a court hearing an FED action is confined to determining the issue of peaceable possession." *Four Winds Plaza Corp. v. White*, 50 V.I. 520, 525 (D.V.I. 2008) (internal citations omitted).

engage in arbitration outside of the judicial "action" set forth in 28 V.I.C § 281 *et seq.* to resolve all disputes arising out of the lease agreement. This contractual arrangement in no way violates the Virgin Islands public policy against self-help, and, in fact, instead discourages self-help.[38] Further, setting a date for reentry in the arbitration award also does not violate the Virgin Islands' public policy against self-help because, after an arbitrator has properly considered of the parties' submissions, setting a date for reentry is not the equivalent of a forcible entry by a landlord, as Plaintiff contends.

### III. The arbitrator did not exceed his powers within the meaning of the Federal Arbitration Act as interpreted by *Sutter*.

■ Plaintiff further alleges that the "[a]rbitrator grossly exceed [sic] his authority and made pronouncements about disputed facts that are not confined to the four-corners of the contract . . . ."[39] Even without applying the pre-*Hall Street* standards of manifest disregard for the law and violation of public policy, the arbitrator did not exceed his authority applying *Sutter*.[40]

#### A. The arbitrator did not venture beyond the issues submitted to him for arbitration based on a reasonable interpretation of the leasing agreement.

Under paragraph 36 of both lease agreements, the parties clearly agreed to arbitration on "all claims, disputes, and other matters in question between the parties to [the] . . . Lease, arising out of, or relating

---

[38] This case is distinguishable from *Blyden v. Sugar Estates Associates*, not only because *Blyden* predates the widespread use of arbitration, but also because in that specific situation the landlord illegally chose to employ self-help to repossess the property. 14 V.I. 227, 232 (Terr. Ct. 1977) (holding that the right under 28 V.I.C. § 292 cannot be abrogated by a landlord's decision to forgo the judicial process set forth in 28 V.I.C. § 281 *et seq.*). Here, no self-help occurred.

[39] Plaintiff's Response Brief to Defendant's Brief Regarding Enforcement of Award of Arbitration, Nov. 13, 2012, at page 2.

[40] The Plaintiff did not argue that the arbitrator's award was ambiguous or otherwise incomplete. *See generally Gov't of V.I. v. Bouton*, 792 F. Supp. 420, 27 V.I. 200, 214 (D.V.I. 1992).

87

to this Lease or its breach . . . ."[41] The parties further agreed under paragraph 38 of the lease agreements that the arbitration "award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law. . . ."[42]

However, Plaintiff claims that the arbitrator ventured beyond the issues submitted to him to "interpret and enforce the contract" when he ordered Plaintiff to vacate the premises. The Court disagrees. Under Paragraphs 24 and 23(I) of both lease agreements, the arbitrator had the authority to determine whether Plaintiff defaulted under the terms of the lease and set a date for the Landlord to reenter and resume possession of the premises. As previously found in this Memorandum Opinion, setting a date for a Landlord to reenter after an arbitrator's full consideration of the party's submissions is not the equivalent of self-help, as Plaintiff contends.[43]

██ Plaintiff also asserts that the arbitrator ventured beyond the issues submitted to him when he ordered Plaintiff to vacate the premises and allow the "immediate reentry" because the Court has the sole authority to enforce the award.[44] Under FAA Section 9,

> at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 . . .

Thus, while Plaintiff is correct that the FAA guarantees that the Court may review and ultimately enforce the arbitrator's award, the Court's review is "exceedingly narrow."[45] Otherwise, absent a motion to vacate, modify, or correct the award, the Court *must* confirm the award upon application. Under FAA Section 12, "notice of a motion to vacate, modify, or correct an

---

[41] Defendant's Answer and Counterclaim, Sept. 14, 2012, Exhibit B (Lease Agreement for 256 Contant Enighed), Exhibit C (Lease Agreement of 257 Contant Enighed).

[42] *Id.*

[43] *See Hans Lollik Corp. v Gov't of the Virgin Islands*, 17 V.I. 220 (Terr. Ct. 1981).

[44] Plaintiff's Brief, Oct. 12, 2012, at pages 10-12.

[45] *Thompson*, 2011 WL 3855761, at *2.

award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."[46]

Here, while Plaintiff characterizes the arbitrator's July 24, 2012, decision as an order for "immediate reentry," the arbitrator gave Plaintiff until August 31, 2012, over a month from the date of the arbitration award, to vacate the premises. While a shorter time period may constitute an order for "immediate reentry," a month allowed ample time for Plaintiff to submit the current motion to vacate to the Court. Thus, the arbitration award does not, as Plaintiff contends, hinder the Court's review of the arbitration award under the limited provisions of the FAA or violate this jurisdiction's entirely separate statutory procedures for eviction *absent* an arbitration agreement. Even, assuming *arguendo*, that the arbitrator did exceed his authority[47] in ordering Plaintiff to vacate within one month, the question is now moot because the parties agreed to allow Plaintiff to remain on the premises until the resolution of the present matter. The arbitrator's award is simply subject to confirmation by this Court, absent a motion to vacate, modify, or correct the award, and the Defendant may seek enforcement of the award through the courts through a Writ of Assistance.

### B. The arbitrator's award is rationally derived from the parties' agreement and submissions.

Plaintiff makes general sweeping claims that the arbitrator's award is completely "illogical" as a whole. Based on a complete reading of the arbitration award, including the arbitrator's detailed analysis on Plaintiff's claims that he had a right to withhold rent based on Defendant's breach of the implied warranty of habitability, the Court finds no indication that the arbitration award as a whole is contradictory or illogical either in its factual or legal determinations. In fact, the arbitrator's factual findings were clearly rationally derived from the parties' submissions as demonstrated by the detailed level of the arbitrator's award.

---

[46] 9 U.S.C. § 12. *See also Bouton*, 27 V.I. at 209 (holding a motion to vacate on common law grounds as timely when it is submitted less than ninety days after the arbitrator's award is issued).

[47] The Court makes no finding whether a certain minimum amount of time is necessary to provide a lessee with an opportunity to seek judicial review of an arbitration award based on the limited grounds set forth in the FAA and/or on the Virgin Islands common law grounds.

Specifically, in his July 24, 2012, arbitration award, the arbitrator found that: (1) Defendant had "promptly responded [and] corrected" flooding in December 2011; (2) Defendant never "made the premises unsuitable for use as two separate retail stores;" (3) Defendant assisted Plaintiff in remedying water damage to the property in August 2011 and December 2011; (4) Plaintiff did not give proper notice of withholding rent or establish an escrow account with the withheld rent; (5) Plaintiff provided no "evidence concerning loss of sale, business volume or injury to business reputation;" (6) Plaintiff's claimed problems with his air conditioning units were not solely a result of Defendant's conduct; and (7) Defendant adequately serviced the air conditioning units.[48] The arbitrator also found that "substantial amounts of rent due and rent increases not implemented were forgiven by the [Defendant] . . . in consideration of losses and inconvenience to [Plaintiff] . . . relative to Landlord's construction, road construction and general unfavorable economic conditions."[49] Further, despite lack of evidence, the arbitrator awarded Plaintiff Three Thousand Four Hundred ($3,400.00) for alleged "losses of inventory."[50]

### C. The arbitrator's denial of Plaintiff's claim under 28 V.I.C § 292 was not "so completely illogical that it lacks support altogether."[51]

Plaintiff contends that the arbitrator's denial of Plaintiff claim under 28 V.I.C § 292 was illogical. However, as Defendant aptly points out, and Plaintiff does not refute,

> [t]he arbitrator considered the arguments of Plaintiff. . . . [the arbitrator] was holding thousands of dollars that Plaintiff paid into the Arbitrator's escrow account. The Arbitrator awarded damages far in excess of that amount and denied Plaintiff's claim for relief under section 292.[52]

---

[48] Arbitrator's Opinion and Award, July 24, 2012, pages 6-10.

[49] *Id.*

[50] *Id.*

[51] *Sutter*, 675 F.3d at 220.

[52] Defendant's Response to Court Order Entered December 10, 2012, Jan. 11, 2013, at page 6.

In other words, the arbitrator was clearly aware of Plaintiff's claim and even held Thirty-Four Thousand Dollars (34,000.00) in escrow in this regard. However, it was the arbitrator's ultimate determination on July 24, 2012, the date of the issuance of the arbitrator's award, that Plaintiff either was not entitled to the protections of 28 V.I.C § 292 or did not fulfill the requirements of 28 V.I.C § 292 because the arbitrator did not grant Plaintiff continued possession of the premises. Thus, considering the rather ambiguous application of 28 V.I.C § 292 in this case, as well as the fact that the arbitrator's award exceeded the amount Plaintiff placed in escrow, the Court finds that Plaintiff did not meet his burden to show that the arbitrator's ultimate denial of Plaintiff claim under 28 V.I.C § 292 was "so completely illogical that it lacks support altogether."[53]

## IV. Plaintiff is not entitled to cure his default at any time prior to confirmation of the award by this Court.

 In the alternative, Plaintiff argues that the arbitration award is not a final "judgment" under 28 V.I.C § 292, and, therefore, he may cure his default up until the date the arbitration award is confirmed by the Court. First, considering that the Court must confirm an arbitrator's award *only* absent a motion to vacate, modify, or correct the award pursuant to the FAA, an arbitrator's award is otherwise final.[54] Second, as *Paiewonsky* points out, arbitration agreements were not necessarily contemplated at the time 28 V.I.C § 292 was enacted. Thus, to read 28 V.I.C § 292 as providing a perpetual opportunity to redeem prior to confirmation of an arbitration award would be illogical, particularly considering that the parties specifically agreed in both lease agreements that "[t]he award rendered by the arbitrators shall be final."[55]

 Thus, since a motion to vacate is not an opportunity to simply re-litigate the factual and legal conclusions of the arbitrator absent a clear demonstration by the moving party that the arbitrator demonstrated a "manifest disregard of the law," "exceeded his power," or violated a

---

[53] *Sutter*, 675 F.3d at 220.

[54] *Federated Rural Elec. Ins. Exchange v. Nationwide Mut. Ins. Co.*, 134 F. Supp. 2d 923, 932 (S.D. Ohio 2001).

[55] Defendant's Answer and Counterclaim, Sept. 14, 2012, Exhibit B, paragraph 38 (Lease Agreement for 256 Contant Enighed), Exhibit C, paragraph 38 (Lease Agreement of 257 Contant Enighed).

well-defined public policy of the Virgin Islands, Plaintiff's *Complaint* will be dismissed with prejudice. Accordingly, Defendant's Counterclaim to confirm the July 24, 2012, arbitrator's award shall be granted.

An Order consistent with this Memorandum Opinion shall issue.